435 P.2d 287

**Dennis MAXWELL, Plaintiff and Appellant,**

v.

**John W. TURNER, Warden, Utah State Prison, Defendant and Respondent.**

**No. 10924.**

Supreme Court of Utah.

Dec. 14, 1967.

Dennis Maxwell, pro se.

Phil L. Hansen, Atty. Gen., J. Franklin Allred, Asst. Atty. Gen., Salt Lake City, for respondent.

CROCKETT, Chief Justice:

Dennis Maxwell pled guilty to a charge of second-degree burglary in February of 1962 for which he is serving a sentence of one to 20 years in the Utah State Prison. In March, 1967, he filed this petition for release under habeas corpus. The proposition he essays is that his waiver of his right to counsel and his plea of guilty were both involuntary because they were induced by a promise of probation which was not kept. After a plenary hearing in this habeas corpus proceeding, the District Court found the issues against him and denied his petition, from which he appeals.

On January 10, 1962, in connection with investigating a burglary, Weber County Sheriff Leroy Hadley went to the plaintiff's home in Ogden. After the sheriff found a high-fi record player that was part of the property taken in the burglary, and questioned the plaintiff about the matter, he took the plaintiff into custody. Upon plaintiff's appearance in court the following morning to answer to the charge of second-degree burglary, he asked that his case be set over to give him time to obtain counsel, which request was granted. Later that day the plaintiff posted bail and was released. Subsequently he had conversations with the sheriff and with one John Holmes, a probation officer. He says that in these conversations he was promised that he would be given probation if he would sign a statement as to the burglary, waive

his right to counsel, and plead guilty, which he did.

 The difficulty with the plaintiff's position is that Sheriff Hadley and Mr. Holmes each testified to the contrary and that the court appears to have believed them. They admit that they talked with the plaintiff about the possibility of him being placed on probation, but each denies that he made any such promise. It is obvious that they were in no position to make any such promise because they could not fulfill it. Whether the plaintiff was placed on probation or not was for the trial court to determine,[1] and it is significant that in the instant hearing plaintiff acknowledged that he had known that at the time.

 Proceedings in habeas corpus are generally regarded as being civil in nature[2] and consequently follow the same rules of procedure as in other civil actions. In the original trial the burden is on the petitioner to prove by a preponderance of the evidence facts which will entitle him to relief.[3] On appeal recognition is given to the prerogatives and the advantaged position of the trial court.[4] His findings and judgment are indulged a presumption of correctness. It is our duty to survey the evidence in the light most favorable to them and not to upset them if they find any substantial support in the evidence. From what we have said above it is plain that they do so here.

Affirmed. No costs awarded.

CALLISTER, HENRIOD, TUCKETT and ELLETT, JJ., concur.

1. Commonwealth ex rel. Campbell v. Ashe, 141 Pa.Super. 408, 15 A.2d 409; 21 Am. Jur. 2d Criminal Law, Sec. 493.
2. See 25 Am.Jur. Habeas Corpus, Sec. 12.
3. See Moore v. Michigan, 355 U.S. 155, 78 S.Ct. 191, 2 L.Ed.2d 167; Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L. Ed. 1461; Gensburg v. Smith, 35 Wash. 2d 849, 215 P.2d 880, cert. den. 340 U.S. 835, 71 S.Ct. 18, 95 L.Ed. 613.
4. See statement in Nokes v. Cont. Mine & Mill Co., 6 Utah 2d 177, 308 P.2d 954.