455 P.2d 912

Dennis MAXWELL, Plaintiff and Appellant,

v.

John W. TURNER, Warden, Utah State Prison, Defendant and Respondent.

No. 11428.

Supreme Court of Utah.

June 19, 1969.

Richard M. Mollinet, Salt Lake City, for appellant.

Vernon B. Romney, Atty. Gen., Jay Edmonds, Asst. Atty. Gen., Salt Lake City, for respondent.

TUCKETT, Justice.

The plaintiff, Dennis Maxwell, has appealed to this court from an order and judgment of the District Court of Box Elder County denying his petition for a writ of habeas corpus. The decision of the trial court is affirmed.

The plaintiff is incarcerated in the Utah State Prison pursuant to two judgments of conviction and commitments issued thereon. On or about the 19th day of February, 1962, the plaintiff entered a plea of guilty to the crime of burglary in the second degree in the District Court of Weber County. The statutory sentence of not less than one nor more than 20 years was pronounced by the court. The plaintiff was released on parole from the State Prison on April 12, 1966, and while on parole the plaintiff was arrested at Brig-

ham City, Utah, and accused of the crime of obtaining property by false pretenses. While the plaintiff was in the custody of the sheriff of Box Elder County awaiting trial he escaped and appropriated a pickup truck in an effort to make a getaway. The plaintiff was arrested and charged with larceny of the truck. The plaintiff was represented by assigned counsel and entered a plea of guilty to the charge of grand larceny. The plaintiff here claims that his plea of guilty was coerced by a threat of the prosecutor to charge him with being an habitual criminal. After the entry of the plea, the District Court of Box Elder County sentenced the plaintiff to be incarcerated in the State Prison for the crime of grand larceny. The order provided that the sentence should run concurrently with the sentence imposed in 1962.

During the month of March, 1967, plaintiff filed a petition for a writ of habeas corpus in the District Court of Weber County wherein he challenged the 1962 conviction and the sentence of the court pursuant thereto. The plaintiff's writ was denied by the District Court of Weber County and the plaintiff appealed to this court, and on appeal the decision of the trial court was affirmed, 20 Utah 2d 163, 435 P.2d 287.

At the outset of the trial in the present proceedings before the District Court, the defendant moved for a dismissal on the ground and for the reason that the matter was res adjudicata. The trial judge indicated that in his opinion the motion was well taken but nevertheless proceeded to hear the evidence presented by the plaintiff and made findings thereon. The court found that the plaintiff had the assistance and advice of counsel before he entered his plea of guilty on December 21, 1966. The court also found that the plaintiff was laboring under no threats, promises or inducements at the time of his entry of plea. The court further found that the plaintiff's claims of illegality and unlawfulness of his incarceration urged in the present proceedings were in fact well known to the plaintiff at the time of the filing of the prior petition; and the plaintiff was not impeded in raising these issues in the prior proceedings. From the foregoing findings the trial court concluded that there was no constitutional or jurisdictional defect in the plaintiff's present confinement, and also that the issues raised in the present proceedings are res adjudicata.

In these proceedings the burden of proof was on the plaintiff to present facts which would entitle him to the relief prayed for.[1] The trial court as finder of the facts has determined those issues adversely to the plaintiff and the findings of the court are supported by substantial evi-

1. Maxwell v. Turner, 20 Utah 2d 163, 435 P.2d 289.

dence. It also appears that the lawfulness of the plaintiff's incarceration is now res adjudicata.[2] It is quite clear that plaintiff could have tendered the issues he now raises in these proceedings in his first petition and he is bound by that decision.

The decision of the court below is affirmed.

CROCKETT, C. J., and CALLISTER, HENRIOD and ELLETT, JJ., concur.

2. Bryant v. Turner, 19 Utah 2d 284, 431 P.2d 121; Brown v. Turner, 21 Utah 2d 96, 440 P.2d 968; Wood v. Turner, 19 Utah 2d 133, 427 P.2d 397; Dodge v. Turner, 21 Utah 2d 341, 445 P.2d 707.