**Robert R. PIERCE, Plaintiff,**

v.

**W. Keith WILSON, Chief Supervisor of the Department of Adult Probation and Parole of the State of Utah, Defendant.**

**No. C 285–69.**

United States District Court
D. Utah, C. D.
Nov. 19, 1969.

Ronald N. Boyce, Salt Lake City, Utah, for plaintiff.

Vernon B. Romney, Atty. Gen. of the State of Utah, for defendant.

## MEMORANDUM DECISION

CHRISTENSEN, District Judge.

Petitioner is on parole from serving a felony sentence for conviction of the crime of second degree burglary and seeks habeas corpus relief under 28 U.S.C.A. § 2254 (Supp.Pam.1967). The state in its answer contests petitioner's allegation that state remedies have been exhausted.

At petitioner's arraignment in state court, petitioner and a co-defendant who were represented by an attorney did at that time enter pleas of "not guilty". At the time set for trial, their defense counsel indicated that both defendants desired to change their plea; both defendants pled "guilty" to the charge in the information. No personal interrogation was conducted on the record at either proceeding. At a subsequent proceeding, petitioner was sentenced to a term of one to twenty years in the Utah State Prison. Approximately two and one-half years after his conviction, petitioner brought an action in the state district court entitled "Complaint for Writ of Habeas Corpus, or in the Alternative Coram Nobis, and/or Motion to Withdraw Plea." The first cause for habeas corpus or coram nobis was based on the ground that the guilty plea "was not properly accepted in that the court failed to make inquiry into the degree of guilt of the plaintiff and the plea was therefore not intelligently made by the plaintiff." The second cause to evoke the court's discretion to allow withdrawal of the guilty plea was based both on the above ground and on the additional ground that the petitioner in fact was guilty of only third degree burglary.

At the state post conviction proceeding, the petitioner testified that before entry of a guilty plea he had asked his attorney about a daytime-nighttime distinction:

> I asked him if it didn't make a difference whether or not it was daylight or dark? And he said, "Yes, it makes a difference", he says, "but you have signed those statements. And besides that, we are going to get probation. I feel sure about it."

Transcript of Hearing in Pierce v. State, Civil Case No. 31,179, at 46 (Dist.Ct. Utah, Dec. 14, 1967). Except as an inference might be drawn from petitioner's testimony that the crime was committed in the daytime, this is the only interrogation of the petitioner as to his knowledge of possible defenses as it existed at the time of plea. Petitioner's counsel did not inquire, for example, whether the petitioner knew the differential in punishments between second and third degree burglary. Nor did the state cross-examine the petitioner on his state of mind in this regard. The reasons for petitioner's change of plea were explored, but these reasons are only collaterally relevant to the constitutional issue and

would not be grounds to set aside the conviction if in fact the plea was entered with the requisite knowledge of the charge and of possible defenses. In the state post conviction proceeding, petitioner's counsel prefaces his final argument as follows:

> We asked [in the complaint] first, for relief by habeas corpus. Second coram nobis, and third, to be allowed to withdraw a plea of Second Degree Burglary and enter a plea of Third Degree Burglary.
>
> Now, I concede that I have been unable to determine any case from the standpoint of the procedural remedy for habeas corpus or coram nobis under these facts. But I think there is substantial precedence in this jurisdiction for granting a motion to withdraw plea of guilty to Second Degree Burglary and enter a plea to Third Degree Burglary.

*Id.* at 56. In terms of both the final arguments and the evidence adduced at the state post conviction proceeding, that proceeding was directed in substance only to the issue of whether in fact the petitioner was guilty of second degree burglary. No appeal was taken from the state district court's determination that petitioner had in fact committed the crime.

■ The state court has not yet had the opportunity to rule upon whether the plea was a "voluntary and intelligent" waiver of constitutional rights. Although the state court's finding that petitioner was in fact guilty of the crime with which he was charged and to which he pled guilty may have a bearing on whether possible defenses to the charge existed, the finding is not dispositive on whether the plea was knowingly entered. The state district court was presented with an evidentiary question of non-constitutional dimension, and beyond that the petitioner's cause has never been before the state's highest court in a post conviction proceeding.

A numerically impressive line of Utah cases rendered with the unanimous concurrence of members of the Utah Supreme Court holds that a judgment in a habeas corpus proceeding is res judicata not only as to those issues litigated but also as to all claims of even a constitutional dimension that could have been raised in the initial proceeding. Maxwell v. Turner, 23 Utah 2d 12, 455 P.2d 912 (1969); Dodge v. Turner, 21 Utah 2d 341, 445 P.2d 707 (1968); Bryant v. Turner, 19 Utah 2d 284, 431 P.2d 121 (1967); Wood v. Turner, 19 Utah 2d 133, 427 P.2d 397 (1967); Burleigh v. Turner, 15 Utah 2d 118, 388 P.2d 412 (1964). In contrast to the unavailability of any state procedural remedies, it is doubtful that such a judicially created doctrine in the abstract will excuse the necessity of exhaustion of state remedies whenever a previous petition has been heard on the merits on any issue. *See* Whiteley v. Meacham, 416 F.2d 36 (10th Cir., Sept. 30, 1969) (similar petitions usually not heard); United States ex rel. Waldron v. Pate, 380 F.2d 94 (7th Cir. 1967) (res judicata). In Utah, moreover, evidentiary hearings have been granted and findings made despite express recognition that the issues presented in a habeas corpus petition are res judicata. Maxwell v. Turner, 23 Utah 2d 12, 455 P.2d 912 (1969) *supra.* *See* Burleigh v. Turner, 15 Utah 2d 118, 388 P.2d 412 (1964) *supra.*

■ It is uncertain in this case whether the state post conviction proceeding should be characterized as a habeas corpus proceeding for purposes of the res judicata doctrine. The state should have an opportunity to determine whether the doctrine, if it still persists, is applicable and whether in spite of the doctrine's theoretical applicability an evidentiary hearing should be granted.

Accordingly, the petition for a writ of habeas corpus is denied for failure to exhaust available state remedies, without prejudice to a renewal of the petition here if and when state remedies are unsuccessfully exhausted.

Dated this 19th day of November, 1969.