483 P.2d 236

STATE of Utah, Plaintiff and Respondent,

v.

Phillip Craig BARLOW, Defendant and Appellant.

No. 12206.

Supreme Court of Utah.

March 24, 1971.

Crockett, J., concurred and filed opinion.

Michael C. Stead, Salt Lake City, for defendant-appellant.

Vernon B. Romney, Atty. Gen., Lauren N. Beasley, Chief Asst. Atty. Gen., Grant Kesler, Asst. Atty. Gen., Salt Lake City, for plaintiff-respondent.

ELLETT, Justice:

The defendant appeals from a conviction of selling marijuana and from the sentence imposed upon him. The sentence was pursuant to Section 58–13a–44(4), U.C.A.1953 (1969 Pocket Supplement), which is as follows:

Every person who transports, imports into this state, sells, furnishes, administers or gives away, or offers to transport, import into this state, sell, furnish, administer, or give away, or attempts to import into this state or transport any marijuana *shall be punished by imprisonment in the state prison from five years to life and shall not be eligible for release upon completion of sentence or on parole or on any other basis until he has served not less than three years.* [Emphasis added.]

That the court and prosecuting attorney believed a prison term was mandatory is evident from the record of the proceedings:

MR. STRATFORD: No, Your Honor. I submit to this Court that this is a, for a young man of this age I submit it is a rather horrendous penalty.

THE COURT: I think it is a terrific penalty.

MR. STRATFORD: And in my personal judgment I think it is more severe than what it actually warrants. But I do know on sale cases that the statute gives us that much leeway. My office has always taken the position on sale cases that it does require incarceration. And I recognize that it is a horrendous penalty. But I don't know any other way to control the traffic.

\*   \*   \*   \*   \*   \*

THE COURT: But it seems to be, Gentlemen, that not less than five years and up to life, and no probation or parole until not less than three years has been served in the Utah State Penitentiary, is a severe and unreasonable penalty and punishment.

\*   \*   \*   \*   \*   \*

THE COURT: Yes. Is it your position, MR. District Attorney, that the Court has no authority to place him on probation or parole?

MR. STRATFORD: That is the position our office has taken, Your Honor.

\*   \*   \*   \*   \*   \*

THE COURT: The Court wants to say to you that this is an unpleasant task for a nineteen year old boy for this

Court to perform the duty which it is now under obligation to perform. * * *
*   *   *   *   *   *

THE COURT: And God bless you. I wish I could do something for you. This is the most painful thing I have had to do in ten years as Judge. Thank you.

Section 77–35–17, U.C.A.1953, grants to trial courts the discretion to suspend the imposition or the execution of a sentence in criminal cases when it appears compatible with the public interest. However, in this case it is obvious that the court failed to consider probation because of the wording of the statute first set out above. A careful reading of that statute does not show that the legislature intended to take from the courts the discretion to grant probation. It does *appear*, however, that once the court decides that the public interest requires commitment to prison, then the legislative intent requires incarceration for at least three years before parole can be granted or sentence terminated.

Some courts hold that a judge has inherent power to grant probation,[1] but we need not decide whether the trial courts of Utah have that inherent power for the reason that the statute [2] grants them the right. This power on the part of courts to consider a defendant for probation was not affected by the enactment of Section 58–13a–

44(4), supra, since that section applies only to cases where there has been a commitment to prison.

We need not concern ourselves with the question of whether such statutory language could bind the Board of Pardons, which by the Constitution of this State is given power to remit fines and forfeitures, commute punishments, and grant pardons after convictions, etc.[3] This case does not require such a determination at this time, since the Board of Pardons is not involved herein, nor have their powers been brought into question on this appeal.

The other matters raised on this appeal are without merit. We order the commitment to be recalled and remand this case to the trial court with directions to determine whether the public interest would best be served by placing the defendant on probation or by committing him to prison, and, after exercising his discretion in that matter, to make the appropriate order and judgment.

CALLISTER, C. J., and TUCKETT and HENRIOD, JJ., concur.

CROCKETT, Justice (concurring).

I concur, but make this comment: The statement in the opinion (in the paragraph following the quotations from the record) to the effect that under the statute in question, after the trial judge decides upon com-

1. 21 Am.Jur.2d, Criminal Law § 553.

2. Section 77–35–17, U.C.A.1953.

3. Art. VII, § 12.

mitment to prison, " * * * then the legislative intent *requires* incarceration for at least three years * * *." might possibly be understood, or may be seized upon and urged by counsel in other cases, as an affirmative declaration by this court that "the legislative intent *requires* incarceration for at least three years." It should be clearly understood that that question is not decided in this case. It is my view, which I have the impression is shared by other members of the court, that such provision of the statute impinges upon and is subordinate to the prerogative of the Board of Pardons conferred by Section 12, Article VII, Utah Constitution. However, as pointed out in the opinion, neither the Board of Pardons nor any action taken or threatened by it is involved in this case, so nothing is actually decided with respect thereto.