488 P.2d 1046

**The STATE of Utah, Plaintiff and Respondent,**

v.

**Robert Richard SCOTT, Defendant and Appellant.**

**No. 12426.**

Supreme Court of Utah.

Sept. 21, 1971.

Phil L. Hansen of Phil L. Hansen & Associates, Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., Lauren N. Beasley, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

ELLETT, Justice.

The appellant entered a plea of guilty to a charge of selling an hallucinogenic drug and was sentenced to serve a term in the Utah State Prison. In connection with the imposition of sentence, the following colloquy occurred between counsel for the appellant and the court:

THE COURT: * * * I am somewhat in doubt as to whether or not the Court's hands can be tied in this manner and I would like that tested and ruled on by, in and by our Supreme Court. I would like to know.

MR. HANSEN: May I have the record that the reason you impose it is because of the statute and that—

THE COURT: Yes.

MR. HANSEN: That is on the appeal.

THE COURT: Yes, I have no alternative under the statute other than to give the sentence of five years to life imprisonment, and of course it is mentioned in there about you shall serve at least three years. I take it that is the prerogative, however, of the Board of Pardons, that three year phase of it. The sentence would have to include I take it that he not be subject to parole until three years have passed that is in the statute. And you may show that is the reason that it is being done, of course, because the statute requires it.

After the sentence in this case was imposed, we decided the case of State v. Barlow, 25 Utah 2d 375, 483 P.2d 236 (1971), in which we held that there is an alternative other than a mandatory prison sentence of five years to life. That case is dispositive of the instant matter.

The trial judge may feel that the sentence imposed upon the appellant is the proper one; but in view of his indicating that he had no alternative in the sentencing, we think the sentence imposed should be vacated and the matter remanded to him for a new sentence to be imposed in his discretion without his feeling compelled to impose the statutory sentence.

This case is remanded for resentencing.

CALLISTER, C. J., and HENRIOD, TUCKETT and CROCKETT, JJ., concur.