504 P.2d 999

**Robert Paul PACHECO, Plaintiff and Appellant,**

v.

**John W. TURNER, Warden, Utah State Prison, Defendant and Respondent.**
**No. 12910.**

Supreme Court of Utah.

Jan. 3, 1973.

Raymond S. Shuey, Salt Lake Legal Defenders Assn., Salt Lake City, for plaintiff-appellant.

Vernon B. Romney, Atty. Gen., David S. Young, William T. Evans, Asst. Attys. Gen., Salt Lake City, for defendant-respondent.

ELLETT, Justice:

In 1970 Mr. Pacheco was charged with burglary in the second degree and entered a plea of guilty to the included charge of attempted burglary in the second degree. At that time there were also pending two other felony charges against him. Based upon the plea, he was committed to the Utah State Prison for the indeterminate term as provided by law.

At and prior to the time he entered the plea, he was represented by competent counsel. After serving some time in prison he brought a petition for writ of habeas corpus and appeals from an adverse ruling by the trial court.

Mr. Pacheco testified at the hearing on his petition for writ of habeas corpus that the motivating factor which induced him to plead guilty to the crime of attempted burglary was the advice given him by his

counsel to the effect that if he pleaded guilty to the charge of attempted burglary, the other felony charges would be dismissed,[1] but that if he failed to plead guilty, he would likely be convicted of all three offenses and also of being an habitual criminal.

Counsel for Mr. Pacheco was called as a witness on behalf of the appellant and testified at the habeas corpus proceeding that the habitual criminal statute did not influence his decision to recommend that a plea of guilty to the lesser offense be entered and that he had no recollection of ever discussing with Mr. Pacheco the matter of habitual criminal. He also stated that Mr. Pacheco had been convicted of one prior felony, and if he should be convicted of three charges pending against him, he well might have been charged with being an habitual criminal.

This court has held that habeas corpus is a civil proceeding and that the petitioner has the burden of showing an unlawful restraint.[2]

Mr. Pacheco failed to convince the trial court that he did not knowingly and understandingly enter a plea of guilty to the charge for which he is confined, and the court specifically found that he was represented by competent counsel and that no

misrepresentation of fact or law was made to induce the plea which was entered.

We find no error in the proceedings below and, therefore, affirm the judgment.

CALLISTER, C. J., and CROCKETT, HENRIOD, and TUCKETT, JJ., concur.

---

1. The other charges were dismissed upon his entering the plea.

2. Maxwell v. Turner, 20 Utah 2d 163, 435 P.2d 287 (1967); Guglielmetti v. Turner, 27 Utah 2d 341, 496 P.2d 261 (1972).