**Andrew FARROW, Plaintiff and Appellant,**

v.

**Samuel SMITH, Warden, Utah State Prison,
Defendant and Respondent.**

No. 14011.

Supreme Court of Utah.

Oct. 22, 1975.

Lynn R. Brown, of Salt Lake Legal Defender Assn., Salt Lake City, for plaintiff-appellant.

Vernon B. Romney, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for defendant-respondent.

ELLETT, Justice:

Mr. Farrow was charged with second degree murder, and after plea bargaining he entered a plea of guilty to the included offense of manslaughter. After commitment he filed a petition for release on habeas corpus, claiming that manslaughter was not an included offense in a charge of murder in the second degree. He offered no evidence at the hearing on his petition but relied upon the argument of his counsel, who admitted that manslaughter could be an included offense in certain situations. However, the thrust of his argument was

that in other situations it might not be so and, therefore, Mr. Farrow should be set free.

Section 76–1–402(3)(a), Utah Code Annotated 1953 (1975 Pocket Supplement), provides:

(3) A defendant may be convicted of an offense included in the offense charged but may not be convicted of both the offense charged and the included offense. An offense is so included when:

(a) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged; . . .

In the case of *State v. Brennan*[1] this court set forth the requirements of an included offense as follows:

The rule as to when one offense is included in another is that the greater offense includes a lesser one when establishment of the greater would necessarily include proof of all of the elements necessary to prove the lesser. Conversely, it is only when the proof of the lesser offense requires some element not involved in the greater offense that the lesser would not be an included offense.

. . .

See also *Jennings v. State*, 404 P.2d 652 (Alaska 1965); *Barbeau v. U. S.*, 13 Alaska 551, 193 F.2d 945 (9th Cir. 1951), cert. denied, 343 U.S. 968, 72 S.Ct. 1064, 96 L.Ed. 1364 (1952).

In the case of *Clown Horse v. State*[2] the court held that where the defendant was charged with murder in the second degree but convicted of manslaughter, the conviction was proper, and the crime of manslaughter was an included offense.

By statute[3] murder in the second degree is defined as follows:

(1) Criminal homicide constitutes murder in the second degree if, under circum-

stances not amounting to murder in the first degree or manslaughter, the actor:

(a) Intentionally or knowingly causes the death of another; . . .

\*　\*　\*　\*　\*　\*

The manslaughter statute[4] provides:

(1) Criminal homicide constitutes manslaughter if the actor:

(a) Recklessly causes the death of another; or

(b) Causes the death of another under the influence of extreme mental or emotional disturbance for which there is a reasonable explanation or excuse;

\*　\*　\*　\*　\*　\*

The gravamen of the offense of murder in the second degree is the intentional killing of a human being without the exceptions set out under the manslaughter statute.

■ If in a trial of a case of criminal homicide it appears that the elements of first degree murder are lacking and that there are no exceptions of manslaughter involved, then upon proof beyond a reasonable doubt that a criminal homicide was perpetrated, the verdict should be murder in the second degree. It, therefore, follows that if the proof shows the exceptions which make manslaughter, then the verdict cannot be murder in the second degree and would properly be manslaughter.

There is another reason why Mr. Farrow cannot escape his just desserts.

■ By a plea bargain he escaped a possible conviction of murder and at the time made no objection to the information under which he entered his plea. By his plea of guilty he waived the necessity for the taking of evidence, and since he admits that under some circumstances manslaughter is an included offense, he is in no position to urge a reversal of the trial court when he made no showing that it would not be an included offense in this case.

---

1. 13 Utah 2d 195, 198, 371 P.2d 27, 29 (1962).

2. 170 Neb. 336, 102 N.W.2d 625 (1960).

3. Section 76–5–203, U.C.A.1953 (1975 Pocket Supplement).

4. Section 76–5–205, U.C.A.1953 (1975 Pocket Supplement).

This matter is civil, and Mr. Farrow's duty is to convince the trial court that he is wrongfully incarcerated. This he failed to do. He has not even shown us what the circumstances would be when manslaughter would not be an included offense.

For many years the definition of second degree murder has been the unlawful killing of a human being with malice aforethought, and that of manslaughter was the unlawful killing of a human being without malice. In our opinion the new criminal code has not changed those definitions.

Mr. Farrow has not claimed that his plea was not voluntarily, knowingly, and intelligently made. He made no objection to the information at the time of plea or prior thereto, and he should not now be permitted to attack it on the ground that while it could permit the included offense, it might not do so.

The judgment is affirmed. No costs are awarded.

HENRIOD, C. J., and CROCKETT, TUCKETT and MAUGHAN, JJ., concur.