STATE of Utah, Plaintiff and
Respondent,

v.

William MILLS, Defendant
and Appellant.

No. 17867.

Supreme Court of Utah.

Jan. 18, 1982.

David L. Wilkinson, Atty. Gen., Salt Lake City, for defendant and appellant.

Paul W. Mortensen, Moab, for plaintiff and respondent.

PER CURIAM:

This is an appeal from a non jury conviction of possessing a controlled substance with intent to sell it in violation of U.C.A., 1953, 58–37–8(1)(a)(ii). The only contention pursued on appeal was that defendant entered his guilty plea involuntarily and unintelligently.

The defendant was caught red-handed by officers using a search warrant, who found a large quantity of sundry drugs, along with scales and other paraphernalia in his home. The defendant appeared in court with counsel, whose competency never was challenged. The trial judge advised defendant in open court as to: The charge that had been levelled against him and the maximum sentence he could expect if he pleaded guilty; and that only the judge could pronounce sentence against him. Defendant was advised further that by pleading guilty he waived his right to a jury trial where, if conducted, he would have to be convicted by a unanimous jury of his peers, by proof beyond a reasonable doubt, with a right to be represented by competent counsel appointed by the court, if so requested. He was told that at such a trial he had a right to be confronted by the witnesses against him together with a right personally to testify or not to testify if he so chose, followed by a right to appeal to this Court. He was told also that no promises had been made as to what sentence he would receive.

The court made clear that defendant was charged with possession of a controlled substance *"with intent to disperse for value."* Defendant then was asked if his plea was "Guilty" or "Not guilty." He responded, "Guilty." The judge said, "Pardon," and the defendant said, "Guilty of possession." At this juncture, defense interjected a "No" and the court immediately put the record straight by saying, "Of course, the charge is not possession, but it is possession with intent to disperse for value," after which defendant answered, "Yes." The court tied the matter down further by specifically asking, "Is it guilty, is that what you're telling me?" The defendant said, "Yes," and his counsel confirmed the correctness of the court's remarks and defendant's plea by saying, "That's what he's saying, your Honor. We had a preliminary hearing on this."

The statement of counsel independently is significant even in isolation since such a

statement is considered to be the defendant himself. Such a statement is deemed to have been made intelligently by his client.[1]

The defendant, based on no evidence whatsoever and for the first time on appeal, complains that he was under the influence of drugs, headaches and high blood pressure when he entered his plea. This complaint was not registered at the sentencing, immediately thereafter, by motion to withdraw his plea, or any other pleading by himself or by his counsel. It was urged by new and different counsel in a brief and as an issue on appeal for the first time in this Court.

The facts of this case clearly indicate that Rule 11(e) of the Utah Rules of Criminal Procedure and the requirements in *State v. Forsyth*[2] fully were met as to entering a plea voluntarily and intelligently.

The judgment below is affirmed.

1. *Guglielmetti v. Turner*, 27 Utah 2d 341, 496 P.2d 261, (1972) citing with approval *McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970) to the effect that "when a defendant enters a plea of guilty upon the ad-

vice of a competent attorney, the plea is deemed to be intelligently entered."

