**Richard LINDEMAN, Plaintiff and Appellant,**

v.

**Lawrence MORRIS, Warden, Utah State Prison, Defendant and Respondent.**

**No. 17779.**

Supreme Court of Utah.

Jan. 25, 1982.

Joseph C. Fratto, Jr., Salt Lake City, for plaintiff and appellant.

David L. Wilkinson, Atty. Gen., and Douglas C. Richards, Asst. Atty. Gen., Salt Lake City, for defendant and respondent.

PER CURIAM:

This is an appeal from the denial of a writ of habeas corpus.

On April 11, 1980, appellant entered a plea of guilty to attempted robbery. Prior to the plea, in the course of a conversation with the prosecutor and appellant's attorney, the court informed appellant of the charges against him. The court then directed the following questions to appellant:

Court: All right. Based on those representations, let me ask you, Mr. Lindeman, how old you are?

Lindeman: Thirty-one.

Court: And how much education have you had?

Lindeman: I completed high school.

Court: Do you read the English language?

Lindeman: Yes.

Court: Did you read that affidavit that's before you there on the podium?

Lindeman: Yes, I did.

Court: Do you have any questions about anything that's in that affidavit?

Lindeman: No.

Court: Have you discussed with Mr. Lubeck [defense counsel] the implications of your pleading guilty in this case?

Lindeman: Yes.

Court: Have any promises been made to you about sentencing?

Lindeman: No.

Court: Are you satisfied with the advice of counsel that Mr. Lubeck has given you in respect to this plea?

Lindeman: Yes.

Court: Do you have any further questions for this court at this time?

Lindeman: No.

Court: All right. Are you prepared to execute that affidavit now before the court?

Lindeman: Yes, I am.

Court: Would you do so, please.

Appellant then complied. Following the entry of his plea, appellant was sentenced to a term of five years, to run concurrently with a term he was already serving for burglary.

Appellant did not appeal his conviction. He did, however, file a petition for habeas corpus which challenged the voluntariness of his guilty plea. Following a hearing on May 6, 1981, the court denied the petition and made the following findings:

6. Petitioner's counsel (Mr. Lubeck) had several discussions with petitioner prior to the entry of the plea during which petitioner's prior criminal record, the fact that he was on parole, the seriousness of the new charges, the strength of the state's case, possible defenses available, his claimed innocence, and possible penalties were all discussed, after which petitioner chose by his own free will and volition to plead guilty.

7. On the day petitioner entered his plea, he was provided an affidavit prepared by his attorney, which indicated, inter alia, (a) that petitioner was entering his plea voluntarily and knowingly; (b) that he was waiving certain rights by pleading guilty; (c) that he was, in fact, guilty of the crime to which his plea of guilty was entered; (d) that no promises had been made by anyone as to what the sentence would be if he pleaded guilty; (e) that no one had forced, threatened or coerced him to plead guilty; (f) that he was not under the influence of drugs or alcohol; and (g) that he was thirty-one years old, attended school and graduated from high school, and could read and understand the English language.

The appellant herein seeks reversal of the judgment and order of the district court.

Appellant's filing of a petition for writ of habeas corpus under the circumstances presented is an attempt to use the ancient, extraordinary writ as a substitute for the legitimate, orderly procedure of timely appeal. This Court has often reiterated that such an attempt (suggesting "invited error") will not be entertained.[1]

1. *Morishita v. Morris*, Utah, 621 P.2d 691 (1980), *Brown v. Turner*, 21 Utah 2d 96, 440 P.2d 968 (1968), *Bryant v. Turner*, 19 Utah 2d 284, 431 P.2d 121 (1967).

■ The only contention on appeal is that the use of an affidavit signed in the presence of court and counsel is a novel procedure, and that what is subscribed to therein is not the same kind of voluntariness and evidence of intelligence as if uttered orally in open court. Appellant does not claim that what he conceded in his affidavit did not satisfy the requirements of waiver spelled out in *Boykin v. Alabama*,[2] nor does he claim that his plea of guilty was given other than voluntarily and with full knowledge of its consequences. He simply contends that the *method* employed to establish the voluntariness of his plea deprived him of the constitutional right of due process and equal protection. That is not the law of *Boykin*, and his contention is not otherwise supported by reason, practicality or justice as commonly understood.

■ The facts of this case adequately support the conclusion of the trial court that appellant voluntarily and intelligently reached the decision to plead guilty, and that he did so with full knowledge of its consequences.[3] The validity of the plea is further bolstered by the appellant's acknowledgment that it was decided upon with the full advice of competent counsel.[4]

It is also to be observed that the court's acceptance and reliance upon appellant's affidavit is not proscribed by the since enacted Rule 11, Utah Rules of Criminal Procedure[5] which provides in pertinent part as follows:

\*    \*    \*    \*    \*    \*

(e) The court . . . shall not accept such a [guilty] plea until the court has made the findings:

(1) . . .

(2) That the plea is voluntarily made;

(3) That the defendant knows he has rights against compulsory self-incrimination, to a jury trial and to confront and cross-examine in open court the witnesses against him, and that by entering the plea he waives all of those rights;

(4) That the defendant understands the nature and elements of the offense to which he is entering the plea; that upon trial the prosecution would have the burden of proving each of those elements beyond a reasonable doubt; and that the plea is an admission of all of those elements.

(5) That the defendant knows the minimum and maximum sentence that may be imposed upon him for each offense to which a plea is entered, including the possibility of the imposition of consecutive sentences; and

(6) Whether the tendered plea is a result of a prior plea discussion and plea agreement and if so, what agreement has been reached.

If it appears that the prosecuting attorney or any other party has agreed to request or recommend the acceptance of a plea to a lesser included offense, or the dismissal of other charges, the same shall be approved by the court. If recommendations as to sentence are allowed by the court, the court shall advise the defendant personally that any recommendation as to sentence is not binding on the court.

\*    \*    \*    \*    \*    \*

The judgment and sentence of the trial court are affirmed.

STEWART, J., dissents.

---

2. 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

3. *State v. Forsyth*, Utah, 560 P.2d 337 (1977).

4. *Guglielmetti v. Turner*, 27 Utah 2d 341, 496 P.2d 261 (1972).

5. U.C.A., 1953, 77–35–11.