STATE of Utah, Plaintiff and
Respondent,

v.

David Robert JOLIVET, Defendant
and Appellant.

No. 20680.

Supreme Court of Utah.

Jan. 14, 1986.

James L. Shumate, Cedar City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

The defendant was charged with and pleaded guilty to aggravated kidnapping, aggravated sexual assault, aggravated robbery, rape, and forcible sodomy, all first degree felonies which arose from a single episode on December 6, 1984. Receiving the defendant's plea of guilty on all offenses, the trial court sentenced him to two consecutive terms of ten years to life on the aggravated sexual assault and the aggravated kidnapping charges.[1] The defendant argues that the imposition of two consecutive sentences was excessive because the aggravated kidnapping was merely incident to the aggravated sexual assault. In other words, the defendant claims that the consecutive sentences constitute multiple punishments for the same single act.

We affirm because the defendant was properly sentenced for aggravated kidnapping and sexual assault as separate acts. *State v. Couch*, Utah, 635 P.2d 89 (1981); *cf. State v. James*, Utah, 631 P.2d 854 (1981). Although the offenses charged to the defendant involve a single criminal episode, each offense was a criminal act com-

---

1. The defendant was also sentenced to concurrent terms of six years to life for his convictions of rape, aggravated robbery, and forcible sod-omy. U.C.A., 1953, § 76–3–203, as amended (Repl.Vol.1978). No issue is raised on appeal as to these sentences.

mitted separately from the other offenses. A court may impose consecutive sentences for separate offenses committed in the course of a single criminal episode. U.C.A., 1953, §§ 76–3–401(3), –402(1), as amended (Repl.Vol.1982); *State v. Lee*, Utah, 656 P.2d 443 (1982).

The following facts were set out at the preliminary hearing and are not disputed by the defendant on appeal.

At a grocery store parking lot, the defendant forced his victim at gunpoint to enter his car. The defendant claimed he only wanted money and demanded the victim's purse, which she yielded to him. He then drove her several blocks to a motel where the sexual assault, rape, and sodomy were committed at gunpoint and under threats of death to the victim. Later, on the pretext of going shopping with the defendant to buy presents, the victim was able to induce the defendant to drive her back to the store. However, the defendant forced the victim to remain with him while returning to the store. Only after their return to the store parking lot was the victim able to persuade the defendant to release her, promising to go later to Canada with him. Although allowing her to return to her car, the defendant followed her for several blocks after she drove out of the parking lot.

■ The evidence at the preliminary hearing clearly delineates that a sufficiently substantial period of time elapsed, both before and after the assault and rape, in which the victim was restrained against her will and subjected to a substantial risk of harm from the defendant's threats and loaded gun. *State v. Couch*, 635 P.2d at 93; *see also State v. Martinez*, 67 Ariz. 389, 198 P.2d 115 (1948). The evidence sufficiently supports the charge of aggravated kidnapping as an act separate from the other charges. The sentence for aggravated kidnapping was proper.

■ Upon conviction by verdict or by plea, the matter of sentencing rests entirely within the discretion of the trial court, within the limits prescribed by law. *State v. Peterson*, Utah, 681 P.2d 1210 (1984); *cf. State v. Harris*, Utah, 585 P.2d 450, 453 (1978). Having determined that the consecutive sentences are statutorily permissible, we find no abuse of discretion by the trial court in their imposition in this case.

■ Moreover, the defendant pleaded guilty to both the aggravated kidnapping and the sexual assault after hearing the evidence presented at the preliminary hearing. He does not claim that his plea was not voluntarily and intelligently made. *State v. Mills*, Utah, 641 P.2d 119 (1982). No proper objection was raised by the defendant that he was wrongfully charged twice for the same act or that one offense was merely incident to another. By failing to raise the issue before the court below at the time of his guilty plea or later at sentencing, the defendant is bound by his plea and waived any objection to the imposition of consecutive prison terms. *Farrow v. Smith*, Utah, 541 P.2d 1107 (1975); *cf. State v. Velasquez*, Utah, 672 P.2d 1254, 1265 (1983).

The convictions and sentences are affirmed.

STEWART, J., concurs in the result.