**STATE of Utah, Plaintiff and Appellee,**

v.

**Mark V. STETTINA, Defendant and Appellant.**

No. 920840–CA.

Court of Appeals of Utah.

Jan. 4, 1994.

Kenneth R. Brown, Salt Lake City, for defendant and appellant.

Jan Graham and Kris Leonard, Salt Lake City, for plaintiff and appellee.

Before BENCH, ORME and RUSSON, JJ.

## OPINION

BENCH, Judge:

Defendant challenges the sentences imposed by the trial court on his guilty pleas of kidnapping, a second degree felony, in violation of Utah Code Ann. § 76–5–301 (1990), and forcible sexual abuse, a second degree felony, in violation of Utah Code Ann. § 76–5–404 (1990). We affirm.

## FACTS

During the early morning of September 1, 1992, defendant stopped his pickup at about 300 East 900 South in Salt Lake City, Utah, and spoke briefly with the victim. He then drove around the block, returned to the victim, and forced her into his truck. Despite the victim's protests, defendant drove her to 3700 South 500 West, where he sexually assaulted her.

Defendant was charged with aggravated kidnapping, aggravated sexual assault, and forcible sexual abuse. Pursuant to a plea agreement, defendant pleaded guilty to the charges of kidnapping and forcible sexual abuse, and the State agreed to dismiss the charge of aggravated sexual assault.

Defendant requested that the sentences be concurrent, and the State requested consecutive sentences. The trial court sentenced defendant to serve a term of one to fifteen years for each charge, to run consecutively with each other and with a sentence defendant was already serving for a first degree felony. The trial court also ordered defendant to pay a fine of $10,000 for each charge. Defendant appeals the sentences.

## ISSUES

Defendant raises two issues on appeal: (1) whether defendant's sentences, which exceed thirty years when aggregated with his previous sentence, violate Utah Code Ann. § 76–3–401 (1990); and (2) whether the trial court incorrectly imposed separate sentences for kidnapping and forcible sexual abuse.

## STANDARD OF REVIEW

■ Defendant argues that his sentences violate section 76–3–401 because they exceed thirty years in aggregate. When reviewing a trial court's statutory interpretation, we apply a correction-of-error standard. *State v. Swapp,* 808 P.2d 115, 120 (Utah App.), *cert. denied,* 815 P.2d 241 (Utah 1991).

■ Defendant also argues that the trial court incorrectly sentenced him for both crimes, claiming that the kidnapping was incidental to the forcible sexual abuse. Whether a trial court can impose separate sentences for kidnapping and forcible sexual abuse is a question of law. We review questions of law for correctness. *State v. Souza,* 846 P.2d 1313, 1320 (Utah App.1993).

## ANALYSIS

### Duration of Sentences

■ Defendant argues that the trial court incorrectly interpreted section 76–3–401, claiming that the statute limits the duration of sentences that a trial court may impose upon a defendant to thirty years. Defendant cites section 76–3–401(4), which provides that a court may impose consecutive sentences if the "aggregate maximum of all sentences imposed [does] not exceed 30 years' imprisonment." The statute also clearly provides: "This section may not be construed to restrict the number or length of individual consecutive sentences that may be imposed or to affect the validity of any sentence so imposed, but *only to limit the length of sentences actually served under the commitments.*" Utah Code Ann. § 76–3–401(8) (1990) (emphasis added).

This court has previously interpreted section 76–3–401(4), stating that it "does not preclude the *imposition* of consecutive sentences, but merely restricts the *effect* of consecutive sentences." *Swapp,* 808 P.2d at 120. Thus, section 76–3–401 does not preclude a trial court from imposing consecutive sentences that exceed thirty years; it merely restricts the actual time served to no more than thirty years. *Id.; accord State v. Horton,* 848 P.2d 708, 715 (Utah App.), *cert. denied,* 857 P.2d 948 (Utah 1993).

■ In the instant case, defendant was serving a sentence for a first degree felony that his counsel indicated would expire in the

year 2008. The trial court sentenced defendant to serve a term of one to fifteen years for the two new charges, these sentences to run consecutively with each other and with the first degree felony. Thus, although the trial court imposed consecutive sentences that exceed thirty years, such sentences do not violate section 76–3–401. We recognize, however, that the statute limits the actual time this defendant can serve to no more than thirty years. *See Swapp*, 808 P.2d at 121–22.

### Separate Sentences

 Defendant raises his second issue as follows: "The Court could not *legally* sentence for both kidnapping and the sexual offense, as they are part of a single criminal episode for which a single sentence is appropriate."[1] (Emphasis added.) Thus, the issue before this court—whether a trial court can impose separate sentences for kidnapping and forcible sexual abuse—is a question of law.

The Utah Supreme Court has implicitly addressed this issue. In *State v. Jolivet*, 712 P.2d 843, 843–44 (Utah 1986), the supreme court held that a defendant may be sentenced to separate consecutive terms for aggravated kidnapping and sexual assault, even when a defendant's conduct arose from a single criminal episode. *See also State v. Couch*, 635 P.2d 89, 92–93 (Utah 1981) (affirming convictions for both kidnapping and aggravated sexual assault from single criminal episode because elements of both crimes were present). Likewise, in the instant case, the fact that two crimes were committed in a single criminal episode does not, as a matter of law, preclude the imposition of separate sentences.

### CONCLUSION

The trial court correctly sentenced defendant to two consecutive terms of one to fifteen years although the sentences exceed thirty years when aggregated with defendant's previous sentence. The trial court also correctly sentenced defendant for both kidnapping and forcible sexual abuse.

We therefore affirm the trial court's sentences.

ORME and RUSSON, JJ., concur.

---

1. This court can only review issues presented to it in the manner they are raised. Defendant has not raised the factual issue of whether his conduct satisfied the elements of kidnapping and forcible sexual abuse. In fact, defendant pleaded guilty to both kidnapping and forcible sexual abuse, thus waiving any objection that his conduct did not satisfy the elements of both crimes. *See State v. Jolivet*, 712 P.2d 843, 844 (Utah 1986). In any event, it appears that the elements for both crimes were present because of the time that separated the kidnapping and the forcible sexual abuse. *Id.* at 843–44 (affirming separate sentences for kidnapping and aggravated sexual assault due to substantial period of time separating defendant's criminal acts).