George D. Ogden, J.
Defendant, Fred Sardo, and two others were convicted by a jury in Monroe County Court and sentenced May 4, 1938 to indeterminate terms in State prison at Attica, New York, the maximum of which, in defendant’s case, was 30 years. Defendant and the others convicted with him appealed their convictions, which were affirmed by the Court of Appeals in 1942 in People v. Sardo (288 N. Y. 507). Defendant sometime thereafter instituted a habeas corpus proceeding, the denial of the writ in which was affirmed by the Appellate Division in People ex rel. Sardo v. Jackson (6 A D 2d 938). In that habeas corpus proceeding petitioner claimed that the indictment under which he was tried was improperly transferred to Monroe County Court. During the trial in 1938 defendant was represented by Israel Jacobs, Esq., an attorney duly admitted to practice by the courts of Connecticut, but not admitted to practice by the courts of New York. Defendant, upon his arraignment pursuant to the indictment returned against him, answered that Israel Jacobs appeared for him as his attorney. At the trial Mr. Fowler (Ray F.) presented to the court Mr. Jacobs, “a member of the Connecticut Bar, and ask permission for him to act in this case for Mr. Sardo and Mr. Costello.” Upon the District Attorney making no objection to his acting for Mr. Sardo in that trial, the court allowed Mr. Jacobs to represent Mr. Sardo and the other defendant, who were present. Mr. Jacobs opened for the two defendants he represented; took part in the examination and cross-examination of the witnesses called; summed up for the defendant Sardo and the other defendant whom he represented; and, in other ways, by exceptions and objections, took part in the trial on behalf of the defendant Sardo. Mr. Jacobs moved for a new trial on behalf of the defendant Sardo, and was present at his sentencing. The above facts are contained in the record on appeal to the Court of Appeals.
Defendant now claims that he was not represented by any counsel at the time of the trial resulting in his conviction in that *71 (quoting from his petition) “ the Court permitted a person who was not admitted to practice law in this State, to represent petitioner, a fact and condition then unknown to petitioner, hut either known by the Court, or neglected to be determined by it, thus depriving petitioner of adequate counsel for so serious a charge. ’ ’
This court is unable, after diligent search, to find any statutes or reported decisions directly in point. In Finnerty v. Siegal (168 Misc. 476, 477) the court says:
‘‘ Defendant moves to dismiss plaintiff’s complaint in this action on a contract alleged to have been entered into by the parties for the rendition of professional services as an attorney, by plaintiff for defendant. Plaintiff is an attorney and counselor-at-law, admitted to practice in the highest courts of the States of Illinois and Minnesota, in the District of Columbia and in the Supreme Court of the United States. He is not admitted to practice in the State of New York.
“In a criminal trial pending before Mr. Justice McCook plaintiff obtained permission of said justice to represent one Aladar Eetek, business agent and organizer of defendant, who was a defendant in the criminal action. Plaintiff acted as counsel for Eetek throughout such trial. He claims that for his services defendant agreed to pay him $12,000 on account, of which he received $1,000. He sues for a balance of $11,000.
“ Plaintiff had no right to practice law in the courts of New York at the time the agreement set forth in the complaint was allegedly made. It follows that he could not legally contract to perform services involving practice in this State and that any contract so entered into cannot be the basis of a cause of action. In this case, however, plaintiff was permitted by Mr. Justice McCook to render certain services for the defendant. He did render such services. For them he is entitled to be compensated and to recover their reasonable value. ’ ’
To cite but one of many cases, People v. Price (262 N. Y. 410, 412): “ Under both our Federal and State Constitutions, a defendant has the right to defend in person or by counsel of Ms own choosing. (U. S. Const. 6th Amendt.; State Const. art. I, § 6.) Where, therefore, a defendant appears by his own attorney, there is no power in the court to assign counsel at any stage of the proceedings.”
It is my opinion, therefore, that defendant Sardo was properly represented by counsel in the trial of the indictment returned against him, and that this proceeding must, therefore, fail. From the Finnerty case (supra) it may well be argued that defendant was represented by counsel, but any contract to pay *72 for such services is unenforcible, the Connecticut attorney being left to an action quantum meruit if the value of his services were questioned.
If this be considered a defect and that defendant was not represented by counsel at the trial of the indictment returned against him, the defect appeared on the face of the record and was the proper subject of a motion for a new trial or an appeal, or a motion in arrest of judgment, or the like; it is not the proper subject of a petition in coram nobis. (People v. Sullivan, 3 N Y 2d 196; People v. Zizzo, 9 Misc 2d 484.) No hearing is necessary because a matter of law only is involved, there being no dispute as to the facts.
The petition of defendant Sardo, in all respects, is denied.
Submit order.