375 P.2d 456

Roy F. TYGESEN, Plaintiff and Appellant,

v.

MAGNA WATER COMPANY, an Improvement District, Defendant and Respondent.

No. 9681.

Supreme Court of Utah.

Nov. 2, 1962.

---

Roy F. Tygesen,, Magna, for appellant.

John A. Rokich, Magna, David K. Watkiss, Salt Lake City, for respondent.

HENRIOD, Justice.

Appeal from a summary judgment in favor of defendant. Affirmed in part and remanded with instructions. Costs to plaintiff.

Plaintiff, water user in the defendant water district, alleged that in 1941 the Magna Sewer District was created; that it was operated by the County, at no cost to him and others, until January 1, 1961, when defendant bought the old facility, started its operation, billing users for service after that time at $3.00 per month; that such charge was excessive and discriminatory. He prayed that defendant show actual operational costs; that the charges be prorated according to use; and that a refund be ordered. Defendant counterclaimed for $36 accrued charges allegedly owed by plaintiff.

Motion for summary judgment was denied by the law and motion judge, but was granted by another judge a couple of months later at pretrial, where plaintiff, in addition to facts stated in his complaint, made a proffer of proof to the effect that in 1960 a bond issue was authorized by the district by resolution of December 20, *1960,* published in a newspaper on December *29, 1960* to expand service to about double that furnished to the old Magna sewer system, including the old district. He offered to show that the defendant did not acquire title to the old facility until January 1, 1961, that the expansion of the new facility has not yet resulted in its use, that only the old users are charged for service, that, therefore, the present users discriminatorily are paying for facilities to be used by new and future users, and that the defendant by charging $3 per month is charging in excess of present operational expense, roughly the difference between 50 cents and $3, in violation of due process principles.

■ 1). Plaintiff urges that Title 17–6–3.11,[1] permitting publication of resolu-

---

I. 17–6–3.11. "The board of trustees *may provide for the publication of any res-olution* or other proceeding adopted by the board in a newspaper published in or having general circulation in the district.

For a period of thirty (30) days after the date of such publication, any person in interest shall have the right to contest the legality of such resolution or proceedings or any bonds which may be au-

tions, applies to bonds, not resolutions, since it states the trustees *may* provide for publication of the resolution authorizing the bonds. He asks that if the section makes publication of the resolution discretionary, "what happens to the thirty day limitation," after publication, within which contest of the whole thing must be indulged, if no resolution is passed? The simple answer seems to be that a contest may be precipitated within 30 days after the resolution is published, irrespective of when it is published. If its publication is deferred for any protracted time, it would seem that interested persons could attack the procedure or constitutionality of the action taken, in a proper proceeding at any time before publication, or within 30 days thereafter.

■ 2). Plaintiff says that the defendant could not make a charge by resolution in December, *1960,* for service rendered through a facility it did not own until January 1, *1961.* There is considerable merit to such an argument. However, defendant asserts in its brief that the district had a lease, with option to buy the facilities before the resolution was passed. Nothing is reflected in the record one way or the other as to this aspect of the case. Recognizing that we must accept as true the facts alleged by plaintiff for the purpose of review, it can

be said that absolute ownership is not a condition precedent to the district's functioning. The case is remanded to determine if defendant had a valid and enforceable right to possess and/or own the facility as of the date of the resolution. If it did, we take it that the resolution timely was effected. If not, plaintiff's point seems to be well taken.

■ 3). It is contended that since plaintiff protested the resolution by letter on January 30, 1961, the defendant made no further demands on him, looking to turning off the water, for about a year (although he was billed monthly), the district is estopped from now asserting the 30-day limitations statute. This point was raised for the first time on appeal, and under familiar principles of appellate review, we do not canvass it. In any event it would appear the plaintiff waived this contention under Rules 8(c) and 12(h), Utah Rules of Civil Procedure.

4). As to urgence that plaintiff need not contest the resolution until he was notified that the water would be shut off unless payment was made for billed charges, because plaintiff had a right to assume that his position reflected in his January 30, 1961, letter had been accepted, seems to be without merit. This is another way of asserting an estoppel, vulnerable to the same observa-

thorized thereby or by the provisions made for the security and payment of any such bonds, and after such time no one shall have any cause of action to contest

the regularity, formality or legality thereof for any cause whatsoever." (*Underscoring* ours.)

**400**

tions in the next preceding paragraph. Plaintiff was billed monthly, which is inconsistent with any idea that defendant had accepted, does, or will accept the objections voiced in a letter because of the circumstance of non-reply.

5). With respect to the contention that the charges were excessive and offensive to Art. I, sec. 7 of the Utah Constitution, we point to paragraph 3), supra, to resolve this issue.

■ 6). Plaintiff asserts that since one district judge had denied the summary judgment motion, first made in law and motion proceedings, a second judge at pretrial could not decide otherwise, on identical pleading and proffer. We agree with plaintiff that the first decision could have been presented to this court. Plaintiff having been burdened with necessity of appealing because of the second decision, we think it proper and just that defendant pay costs and that judgment be entered therefor, which is ordered. In all other respects, save as interdicted in paragraph 2), supra, the judgment is affirmed.

We do not have before us the question of constitutionality of the 30-day limitation period as to reasonableness.

WADE, C. J., and McDONOUGH, CALLISTER, and CROCKETT, JJ., concur.