388 P.2d 412

**Harold BURLEIGH, Plaintiff and Appellant,**

**v.**

**John W. TURNER, Warden, Utah State Prison, Defendant and Respondent.**

**No. 10007.**

Supreme Court of Utah.

Jan. 23, 1964.

---

1. See also Hampton v. Rowley, 10 Utah 2d 169, 350 P.2d 151 (1960); Safeway Stores v. Ciner (Okl.), 380 P.2d 712 (1963).

Harold Burleigh, per se.

A. Pratt Kesler, Atty. Gen., Ronald N. Boyce, Asst. Atty. Gen., Salt Lake City, for defendant and respondent.

CALLISTER, Justice:

Appellant appeals from an order of the Fourth District Court for Utah County denying his petition for a writ of habeas corpus.

On November 6, 1959, appellant entered a plea of guilty to a charge of issuing a fictitious check in violation of 76–26–7, U.C.A.1953. He was thereupon committed to the State Prison to serve a sentence of from one to ten years.

Some two years later, appellant filed a petition for a writ of habeas corpus in the Third District Court for Salt Lake County (which had issued the commitment). Hearings were held and on January 30, 1962, the court denied the petition. In this proceeding the appellant, represented by counsel, endeavored to prove that he was innocent of the charge, but that he entered a plea of guilty because he had erroneously been identified as the person who issued the check and to obtain hospitalization which he was in need of for narcotics withdrawal, hepatitis, and other ailments.

The Third District Court, in denying appellant's petition, made findings to the effect that appellant was in complete control of his mental faculties at the time he entered his plea; that he was represented by counsel; that at the time there were pending two narcotics charges against the appellant which were dismissed upon his plea of guilty to the check charge; and, that the evidence was insufficient to prove appellant innocent of the charge. Defendant did not appeal from this judgment.

Subsequently, on September 9, 1963, appellant filed an original writ of habeas corpus with this court. We referred the matter to the Fourth District Court for a hearing, which was held on September 17 and September 20, 1963. At these hearings the appellant urged the same grounds for the issuance of the writ as he had before the Third District Court. The Fourth District Court denied the writ without making any findings or entering any formal judgment. It is from this proceeding that appellant now appeals.

■ Respondent has urged that this appeal is not properly before this court because no formal order denying the writ was ever entered by the Fourth District Court. However, we need not consider this point for the reason that the judgment of the Third District Court is res judicata.

■ Habeas corpus is a civil remedy [1] and should, therefore, generally be governed by our Rules of Civil Procedure. That the doctrine of res judicata is applicable to habeas corpus proceedings is supported by Rule 65B(f) wherein a petitioner must allege, among other things, that the legality of the imprisonment has not been adjudged upon a prior proceeding and also whether another petition for the same relief has been denied by another court, and, if so, attaching a copy of the same and stating the reasons for the denial thereof. The obvious purpose of this rule is to discourage successive applications based upon the same grounds and that the courts need not entertain them.

■ It is true that the appellant alleged in his petition to this court that no previous application had been made on the grounds of mistaken identity. However, the record discloses otherwise. Since the appellant did not appeal from the order of the Third District Court, which held a full hearing upon all issues presented to the Fourth District Court, it is res judicata as to the subsequent proceeding. [2]

■ Appellant contends in his brief that the failure to appeal the Third District Court's judgment was due to the failure of counsel, appointed by this court, to prosecute the appeal. This matter was not presented in the pleadings or the hearing before the Fourth District Court. It is raised for the first time upon this appeal. Habeas corpus being a civil remedy it is not necessary for this court to consider this point. [3] However, we might note that even in a criminal case it is not a denial of due process for a defendant's attorney to fail to perfect an appeal. [4]

Appeal dismissed.

McDONOUGH, CROCKETT and WADE, JJ., concur.

HENRIOD, C. J., does not participate.

1. Winnovich v. Emery, 33 Utah 345, 93 P. 988; State v. Kelsey, 64 Utah 377, 231 P. 122.
2. That there is no constitutional objection to making a judgment on habeas corpus res judicata, see Barrett v. Hunter (1950, C.A.10th), 180 F.2d 510, 20 A.L.R.2d 965.
3. Tygesen v. Magna Water Co., 13 Utah 2d 397, 375 P.2d 456.
4. McGuire v. Hunter (1943, C.A.10), 138 F.2d 379, reversed on other grounds, 322 U.S. 710, 64 S.Ct. 1053, 88 L.Ed. 1553; see also: 19 A.L.R.2d, p. 794.