THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *v.* CHARLES ROSS CORNWALL, Appellant.

(No. 71-165;

Third District—December 22, 1971.

T. A. Gottfried, of Ottawa, (Bruce Stratton, of counsel,) for appellant.

William J. Scott, Attorney General, of Springfield, and James N. DeWulf, State's Attorney, of Rock Island, (Thomas J. Immel, Assistant Attorney General and Robert C. Shearer, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE DIXON delivered the opinion of the court:

The defendant was indicted on two counts of armed robbery. On February 6, 1967, he pleaded guilty to both counts after selection of a jury had commenced. Defendant was fully advised of his rights in connection with his plea. After waiving his right to petition for probation and his right to a hearing in mitigation, defendant was sentenced to concurrent terms of 5 to 12 years on each count. A notice of appeal was filed on March 8, 1967, but on June 18, 1968, was dismissed because it had not been duly prosecuted. Defendant filed a post-conviction proceeding in November, 1969, alleging that his retained counsel Thomas M. Kelly, Jr., was not licensed to practice in Illinois and had incompetently represented him. The Public Defender was appointed to represent defendant and a hearing was had June 9, 1970, after which the trial court dismissed the petition. Defendant has prosecuted the instant appeal from said dismissal.

The Issues presented for review are whether defendant was denied effective assistance of counsel: A. His lawyer was not licensed to practice in Illinois and; B. The same lawyer failed to complete the appeal and failed to file a petition for Executive Pardon.

At the post-conviction hearing, both defendant and his retained

counsel testified. Thomas M. Kelly, Jr., resides in Milan, Illinois, but has a law office in Davenport, Iowa where he was admitted to the bar on October 17, 1952. He is not licensed in Illinois but does practice in the Circuit Court of Rock Island County, Illinois, particularly in criminal matters. Defendant at the time of his arrest was living in Davenport, Iowa. He first talked to Mr. Kelly at the Davenport Police Station where he was being held for the Rock Island authorities. Defendant there specifically asked Mr. Kelly if he was allowed to practice in Illinois and was told that he was.

██ The fact that a lawyer of one's own choosing is not admitted to practice in Illinois does not show that defendant was denied effective assistance of counsel in violation of due process. "The test of due process is not whether the defendant had an attorney, licensed or unlicensed, but whether, under all the circumstances of the case, his conviction was obtained in such manner as to be offensive to the common and fundamental ideas of what is fair and what is right." *People v. Cox*, 12 Ill.2d 265, wherein the court also said, on page 271, "It has never been considered the duty of the court to advise or exercise any authority or control over the selection of counsel by an accused who is able and does employ a lawyer of his choice * * *. For that reason we have consistently held that where a defendant selects his own attorney, or where, as an intelligent and competent person, he acquiesces in the selection by another, he is himself responsible if that counsel does not faithfully serve his interests, and he cannot later contend he was denied due process because of his lawyer's shortcomings, unless the representation was of such caliber as to reduce the proceedings to a farce or a sham * * * The same rule must apply where the defendant's chosen attorney later proves to be only an attorney in fact or a layman, for if it was otherwise, an accused would be tempted to seek unlicensed and unqualified representation in the hope of gaining acquittal, but with the assurance of gaining a new trial even if convicted * * * A violation of due process does not result, therefore, from the single circumstance, unaided by other facts, that the counsel of defendant's choice is later proved to be unlicensed to practice law before the court in which the trial occurred." See 74 A.L.A.2d 1426: *State v. Miller*, 16 N.J. Super. 251, 84 A.2d 459, *cert.* den. 342 U.S. 934, 96 L.Ed. 695; *People v Ragni*, 159 N.Y.S.2d 358; *People v. Sardo*, 178 N.Y.S.2d 691; and *U.S. v. Bradford*, 238 F.2d 395, *cert.* den. 352 U.S. 1002, 1 L.Ed.2d 546, wherein Mr. Justice Medina said "The failure to comply was a mere inadvertence, which in no way caused an infringement of appellant's constitutional rights; nor does it justify any inference that counsel was not in every way competent to represent appellant and do whatever was required of him as defense counsel.

We have no doubt that had either counsel or the trial judge been aware of the omission, a motion to admit for the purpose of trying the particular case would have been granted. It is inconceivable that the failure to take this purely formal step caused any prejudice to appellant."

■■ We hold that defendant was not denied effective assistance of counsel because his lawyer was not licensed to practice in Illinois.

There remains to be determined the questions of whether the failure to complete the appeal and a later failure to file a petition for Excutive Pardon amount to a denial of due process.

■■ Even in a criminal case it is not a denial of due process for a defendant's attorney to fail to perfect an appeal. *Burleigh v. Turner*, 15 Utah 2d 118, 388 P.2d 412, citing 19 A.L.R.2d 794.

"Since there is general agreement that an appeal in a criminal proceeding is not a necessary element of due process, all the courts considering the question have held that the failure of an employed attorney to perfect an appeal in his client's case does not impair the court's jurisdiction so as to invalidate the conviction." 74 A.L.R.2d 1457.

It has been held that the failure of defendant's counsel to perfect an appeal from the conviction after advising him that such action would be taken is not the type of factual error or omission which can be reviewed in *coram nobis* proceedings, since it is not a fact which, if known at the time of the trial, would have prevented the verdict of guilty or prevented a valid trial. 18 Am.Jur.2d, Coram Nobis and Allied Statutory Remedies, Sec. 21; *People v. Kamsler*, 39 Ill.2d 73.

■■ As to the complaint that defendant was denied due process by failure of his attorney to file a petition for pardon or commutation of sentence we wish to point out that section 1 of the Post-Conviction Hearing Act (Ill. Rev. Stat. 1969, ch. 38, par. 122—1) is jurisdictional in nature and limits the subject matter reviewable under that Act. It provides, in pertinent part: "Any person imprisoned in the penitentiary who asserts that in the proceedings which resulted in his conviction there was a substantial denial of his rights under the Constitution of the United States or of the State of Illinois or both may institute a proceeding under this Article."

Thus it may be seen that only those violations which may have some bearing on the legality of fundamental fairness of the trial may be considered. *People v. Ferree*, 40 Ill.2d 483.

The trial court ruled correctly in dismissing the petition and the judgment of the circuit court of Rock Island County is affirmed.

Judgment affirmed.

STOUDER, P. J., and SCOTT, J., concur.