STATE of Utah, Plaintiff and
Respondent,

v.

George Albert ROYBALL, Defendant
and Appellant.

No. 19064.

Supreme Court of Utah.

Sept. 3, 1985.

David L. Wilkinson, Atty. Gen., J. Stephen Mikita, Asst. Atty. Gen., Ted Cannon, Salt Lake Co. Atty., for plaintiff and respondent.

James A. Valdez, Legal Defenders Association, Salt Lake City, for defendant and appellant.

ZIMMERMAN, Justice:

Defendant George A. Royball appeals from a jury verdict finding him guilty of aggravated assault under section 76-5-103(1)(b) of the Code after threatening a cab driver with a knife. Royball argues that the trial court's admission of a knife, similar to the one used in the assault, and a ruler, illustrative of the testimony of a witness and indicative of the actual length of the weapon, was unduly prejudicial. He also contends that his intoxication negated the degree of intent necessary to sustain his conviction. The conviction is affirmed.

Early in the morning of December 28, 1982, a cab driver named Sebastian picked up Royball and several other customers at the Bottoms Up Lounge in Salt Lake City. Defendant Royball sat between Sebastian and another passenger in the front seat while the remaining passengers sat in the back.

As the cab approached an intersection, Royball pulled out a buck knife with a

blade between four and six inches long, turned toward Sebastian, and asked him if he was "ready to die." He held the knife six to ten inches from Sebastian's chest and switched it around. Frightened, Sebastian told Royball to take the car and the money and asked Royball not to "cut [him] up." However, when Royball became momentarily distracted by a passenger in the back seat, Sebastian jumped out of the cab, sought assistance at a nearby house, and called the police. Shortly thereafter, Royball was apprehended and identified by Sebastian.

The knife used in the incident was not recovered. At trial, a substitute knife and a rule were introduced to demonstrate Sebastian's testimony about the weapon used in the assault. With respect to intoxication, the arresting officer and Sebastian testified that Royball had been drinking, but did not appear to be intoxicated at the time of the incident. Royball's companions stated that he was intoxicated. A booking officer testified that Royball appeared to be intoxicated when he was booked into jail because he was boisterous, had a difficult time standing still, and slurred his words.

Royball's first contention is that the admission of the substitute knife and the ruler was unduly prejudicial. The rules of evidence permit a trial court to exclude relevant evidence if its probative value is substantially outweighed by the possibility of unfair prejudice. Utah R. Evid. 403. However, the trial court's ruling on the admissibility of evidence will not be reversed absent a showing that the trial court so abused its discretion as to create a likelihood that injustice resulted. *State v. McCardell*, Utah, 652 P.2d 942, 944 (1982). Considering the nature of the evidence admitted and the purpose for which it was received, we do not find that the trial court abused its discretion.

■ Demonstrative evidence may be relevant if it assists the trier of fact in understanding the nature of the crime charged or how the crime occurred. *McCormick on Evidence* § 212, at 666–67 (3d ed.1984). Where an original item of real evidence is unavailable, a substantially similar item may be relevant and admissible, depending upon the circumstances of the case. *Id.* § 213, at 669–70. *See also Rich v. Cooper*, 234 Or. 300, 380 P.2d 613, 618 (1963).

■ Here, both the substitute knife and the ruler were used to demonstrate the size of the weapon and the nature of the assault. Royball was charged with aggravated assault under section 76-5-501(b), which requires that the assault be carried out with a deadly weapon. U.C.A., 1953, § 76-5-103(1)(b) (1978 ed.). The challenged items of evidence were used to assist the jury in determining whether the knife, considering its design and the length of the blade, was in fact a deadly weapon.

Royball asserts that Sebastian described the knife in detail and, therefore, that the demonstrative evidence needlessly inflamed the jury. However, he has failed to establish that there was anything unusual about either the knife or the ruler which would compel the conclusion that the evidence was unduly prejudicial and improperly aroused the jurors' passions. Also, at no time did Royball object to the substitute knife on the ground that it was not substantially similar to the knife used in the assault. Under these circumstances, the trial court did not err in admitting the knife or the ruler.

Royball next contends that his intoxication negated his responsibility for the crime. He argues that when intoxication renders an accused incapable of forming the specific intent necessary to commit a given crime, the act "is purged of its criminality." *State v. Potter*, Utah, 627 P.2d 75, 79 (1981). However, this argument fails for two reasons.

■ First, there was conflicting evidence about the degree of Royball's intoxication. The jury apparently believed the testimony that Royball was not intoxicated. The jury's determination was supported by competent evidence in the record, and we must therefore sustain it. The mere fact that contradictory evidence existed does not justify reversal. *State v. Howell*, Utah, 649 P.2d 91, 97 (1982).

■ Second, even if Royball had been intoxicated, that fact would not require a reversal. Royball erroneously argues that his conviction for aggravated assault cannot be sustained unless the jury found that he specifically intended to harm the victim and that his intoxication negated his ability to form such a specific criminal intent. This argument is without merit. The legislature has explicitly stated that "when the definition of an offense does not specify a culpable mental state and the offense does not involve strict liability, intent, knowledge or recklessness shall suffice to establish criminal responsibility." U.C.A., 1953, § 76–2–102 (Supp.1983). No culpable mental state is specifically defined for the crime of assault with a deadly weapon under section 76–5–103(b) of the Code, nor is one specified under section 76–5–102(b) defining assault by threat, which is incorporated into section 76–5–103. Therefore, Royball could be found criminally responsible for assault with a deadly weapon if his actions were either intentional, knowing *or* reckless. Under the Utah Criminal Code, voluntary intoxication does not absolve a defendant of criminal responsibility for reckless criminal acts. U.C.A., 1953, § 76–2–306 (1978 ed.)

The conviction is affirmed.

HALL, C.J., and STEWART, HOWE and DURHAM, JJ., concur.