STATE of Utah, Plaintiff and Respondent,

v.

Bryan MILDENHALL, Defendant and Appellant.

No. 860366.

Supreme Court of Utah.

Nov. 19, 1987.

Rehearing Denied Dec. 15, 1987.

---

10. *See State v. Shelby,* 728 P.2d 987, 988 (Utah 1986); *State v. Gerrard,* 584 P.2d 885, 886 (Utah 1978).

Robert N. Macri, Salt Lake City, for defendant and appellant.

David L. Wilkinson, David B. Thompson, Salt Lake City, for plaintiff and respondent.

DURHAM, Justice:

In this consolidated appeal, we treat two separate criminal cases against defendant. In the first case, defendant claims the trial court abused its discretion in refusing to allow him to withdraw his plea of guilty to forcible sex abuse. In the second case, a jury found defendant guilty of sodomy on a child. Defendant claims four errors in the second trial. He alleges that the trial court (1) improperly admitted evidence of his guilty plea in the first case, thus depriving him of a fair trial, (2) erred in denying his motion for a new trial based on the State's alleged failure to comply fully with discovery requests and the State's misrepresentation of facts, (3) abused its discretion when it refused to admit evidence of the victim's mother's mental health and financial circumstances, and (4) allowed him to be convicted on insufficient evidence. We treat the cases separately and affirm both convictions.

## I. Withdrawal of the Guilty Plea

In the first case, S., a fourteen-year-old boy who lived at defendant's home as a foster child, accused defendant of sexual

misconduct. The State charged defendant with four counts of forcible sex abuse and one count of sodomy. Defendant confessed to sexual contact with S. and, on the advice of his attorney, pleaded guilty to one count of forcible sexual abuse on May 31, 1985, in the belief that he would receive leniency because of his clean record.

Around the same time, S. escaped from juvenile detention. While defendant was on release pending sentencing, a jury convicted him of sodomy on the child in the second case. After the second trial, defendant presented the judge in the first case with a letter purportedly from S. According to defendant, S., who was still a fugitive from the authorities, had a notarized, certified letter mailed to defendant's attorney. In the letter S. claimed that he not only consented to the sexual contact with defendant but also initiated it and "coerced" defendant into it. The trial judge, however, expressed concern over the authenticity of the letter.

Utah Code Ann. § 77–13–6 (1982) provides: "A plea of guilty ... may be withdrawn only upon good cause shown and with leave of court." We will not interfere with a trial judge's determination that a defendant has failed to show good cause unless it clearly appears that the trial judge abused his discretion. *State v. Forsyth*, 560 P.2d 337, 339 (Utah 1977). We find no abuse of discretion here. Defendant has failed to show good cause why the court should have exercised its discretion to allow withdrawal of the plea. Defendant entered his guilty plea knowingly, voluntarily, and intelligently and with the advice of counsel. He did not assert a defense of consent until the letter from S. arrived, which was suspiciously soon after the guilty verdict in the second case. The timing of the letter suggests the possibility that defendant coerced S. to write it or forged it himself because defendant's conviction in the second case increased his chances of receiving a prison sentence in the first case. Although a notary public notarized the signature on the letter, the trial judge was not obligated to believe either that the writer was in fact S. or that the letter's contents were true. It is highly improbable that a young fugitive from custody would seek out a notary and send a certified letter to defendant's attorney. Further, the body of the letter is in different ink and handwriting than the signature, and the only proffered handwriting sample of S. was one in defendant's possession. The content of the letter is also problematic; S. refers to fourteen as the legal age for consent, a fact more likely to be known by defendant than by S.

Because of the implausible timing and suspicious content of the letter, we find no abuse of discretion by the trial judge. Furthermore, allowing withdrawal of the plea would greatly prejudice the State. With only a letter purportedly written by the victim, but without the victim himself, the State lacks any evidence to retry defendant.[1] The trial court was within its discretion in deciding that defendant failed to show good cause for withdrawal of the plea.

## II. *Errors in the Second Case*

The acts for which defendant was charged in the second case occurred while defendant was on post-trial release after the first case. A., a twelve-year-old boy who had been close friends with defendant for two years, testified that defendant forcibly sexually abused him on June 29, sodomized him on July 6, and committed object rape on him on July 17. Defendant was not charged with the latter act, and the jury found him not guilty of the June 29 act.

At trial for the sodomy charge, defendant attempted to show that A.'s mother induced A. to fabricate charges against defendant, using her alleged knowledge of the charges in the first case to create the

---

1. This case is different from *State v. Gallegos*, 738 P.2d 1040 (Utah 1987). In that case, the victim recanted her statements about the crime and was willing to testify in court. Thus, the fact finder at trial could directly judge the credibility of the new evidence under cross-examination. The State's interest was further protected by the availability of perjury sanctions applicable to both the victim and the defendant. These measures are not available in the instant case.

charges brought by A. In order to support this theory, defendant testified about the first case and his guilty plea.

■ We reject defendant's claim of prejudice regarding the introduction of evidence of the guilty plea for several reasons. First, by not raising it at trial, defendant failed to properly preserve the issue for appeal. *State v. Gray*, 717 P.2d 1313, 1316 (Utah 1986); Utah R. Evid. 103(a)(1). Moreover, because defendant insisted on telling the jury about the guilty plea as part of his defense, notwithstanding the objection of the prosecutor and the reluctance of the trial court, he may not now claim prejudice because the jury chose not to believe his version of the facts. *State v. Barney*, 681 P.2d 1230, 1231 (Utah 1984).

■ Next, defendant contends that the trial court erred in not granting a new trial based on the State's failure to disclose rebuttal testimony and its use of allegedly perjured testimony. The testimony at issue was offered as rebuttal to defendant's alibi and alibi witnesses for the night of July 6, when a city-wide power outage occurred. The alibi witnesses established the time defendant allegedly returned from taking A. home by estimating when power was restored to their residence. The prosecutor introduced rebuttal witnesses from the police and the power company to indicate that the time power was restored in the area differed substantially from the alibi witnesses' estimates. Defendant asserts that the rebuttal evidence was improper because the prosecutor did not inform defendant of the expected content prior to trial.

On appeal, defendant has submitted new evidence that contrary to the implication of their testimony, neither the police nor the power company can be certain as to the time power was restored to his residence. However, defendant has not shown that the State knowingly used false testimony or that witnesses made statements with the belief that they were not true. Nor has defendant shown a reasonable likelihood that the testimony could have substantially affected the verdict, particularly since there was corroborating testimony from

witnesses about the victim's whereabouts on the night in question. *State v. Schreuder*, 726 P.2d 1215, 1228 (Utah 1986). Finally, defendant failed to object at trial to the State's rebuttal testimony, thereby failing to preserve this issue for review on appeal. *State v. Fierst*, 692 P.2d 751, 752 (Utah 1984). Defendant has failed to establish sufficient grounds entitling him to a new trial.

■ Defendant also cites as error the trial judge's refusal to allow defendant to introduce possible motives for the mother's fabrication of charges against him. Defendant claimed that A.'s mother concocted the charges to avoid paying defendant a $300 debt she owed him. He also asserted that she had fabricated the charges because of mental illness, and he attempted to have her mental health records introduced into evidence. We will not reverse a ruling on admissibility unless the ruling created a likelihood of injustice. *State v. Royball*, 710 P.2d 168, 169 (Utah 1985). The trial transcript shows that the jury heard testimony from A.'s mother that she had received treatment for mental disturbance, that due to financial difficulties she lived in a transient shelter and with relatives, that she held a low-paying job, and that defendant knew of her financial straits when he agreed to tend her children in return for a fee. She admitted the debt but denied any motivation to hurt defendant because of it. Further exploration by defendant into her financial history could not have added anything substantial to the evidence already before the jury. Defendant's request for her mental health records was based solely on speculation. Defendant claims that the records could have been used to impeach the witness's testimony regarding her mental health. However, she had already admitted to mental disturbance, and it is unclear what, if anything, would be added by inclusion of the records. The trial court properly excluded the request for that evidence as nothing more than a "fishing expedition." We see no error in the trial judge's refusal to allow the evidence. *See* Utah R.Evid. 403.

■ Finally, we examine whether there was sufficient evidence to support the verdict. In reviewing a jury decision, we must

examine the evidence in the light most favorable to the verdict. *State v. McCardell*, 652 P.2d 942, 945 (Utah 1982). A jury decision is reversed only when "the evidence, so viewed, is sufficiently inconclusive or inherently improbable that reasonable minds must have entertained a reasonable doubt that the defendant committed the crime of which he was convicted." *State v. Miller*, 709 P.2d 350, 355 (Utah 1985) (quoting *State v. Petree*, 659 P.2d 443, 444 (Utah 1983)). Although defendant claimed that A. brought false charges based on details of the first case, the jury could reasonably find that the acts A. testified to were the same as those in the first case simply because defendant had twice committed those acts. Based on the testimony of A.'s uncle and mother, a jury could find, despite the alibi testimony of several of defendant's close friends, that defendant did not take A. home the night of July 6, but instead took him to defendant's own house, where the crime occurred. It was for the jury to judge the credibility of A.'s testimony, and his veracity was probably strengthened in the jury's mind by the fact that A. testified that after he learned of the first case, he "didn't believe [defendant] would do such things." A jury could also conclude that because of the close bond between defendant and A., A. would not falsely accuse defendant of a crime, notwithstanding any possible pressure from his mother.

> [T]he only means of determining the question of guilt or innocence was by deciding whether the victim or the appellant was telling the truth. The jury obviously believed beyond a reasonable doubt that the victim's testimony was true, and there is no basis for our overturning that verdict.

*State v. Miller*, 709 P.2d at 355.

Defendant's convictions are affirmed.

HALL, C.J., STEWART, Associate C.J., and ZIMMERMAN, J., concur.

HOWE, J., concurs in the result.