**STATE of Utah, Plaintiff and Respondent,**

v.

**Casey PALMER, Defendant and Appellant.**

Nos. 890312–CA, 890358–CA.

Court of Appeals of Utah.

July 18, 1989.

James A. Valdez, Salt Lake City, for defendant and appellant.

R. Paul Van Dam, State Atty. Gen., Sandra L. Sjogren, Asst. Atty. Gen., Governmental Affairs, Salt Lake City, for plaintiff and respondent.

Before JACKSON, ORME and GARFF, JJ. (On Law and Motion).

OPINION

PER CURIAM:

This matter is before the court on its own motion pursuant to R.Utah Ct.App. 10 for summary dismissal because the notice of appeal was not timely filed in the trial court. This court served its Notice of Sua Sponte Consideration By The Court For Summary Disposition, and the defendant filed a Memorandum In Opposition to Sua Sponte Summary Dismissal of Appeal. We dismiss the appeal for lack of jurisdiction.

The trial court entered its judgment on December 19, 1988. Defendant prepared a notice of appeal, which he apparently mailed on or about January 16, 1989. The notice of appeal was filed in the district court on February 3, 1989, more than thirty

days after entry of the judgment being appealed.[1]

Defendant does not dispute the foregoing, but urges this court to "accept jurisdiction" and hear the appeal. Defendant makes two arguments against dismissal. First, he contends that this court should interpret its rules "so as to consider a Notice of Appeal to be timely which is placed in the prison mail by an incarcerated criminal defendant within the thirty-day period set forth in R.Utah Ct.App. 4." Second, defendant urges that, if untimely, the appeal should be remanded to the district court for entry of an order extending the time for appeal.

■ We conclude that the notice of appeal was not timely filed under any plausible interpretation of our rules. R.Utah Ct.App. 4(a) provides that a notice of appeal "shall be filed with the clerk of the court from which the appeal is taken within 30 days after the date of entry of the judgment or order appealed from." R.Utah Ct.App. 2 specifically precludes this court from extending the time for filing a notice of appeal provided in Rule 4(a), and R.Utah Ct.App. 22(b) precludes this court from extending the time for filing a notice of appeal "except as specifically authorized by law." In *State v. Johnson,* 635 P.2d 36, 37 (Utah 1981), the Utah Supreme Court held that the 30–day period for filing a notice of appeal in a criminal case is jurisdictional and cannot be enlarged by an appellate court. R.Utah Ct.App. 4(e) clarifies that the procedure for extending the time for appeal is by a motion to the trial court. Similarly, *State v. Johnson,* held that a convicted defendant's claim he has been denied his constitutional right to an appeal should be presented to the sentencing court pursuant to a motion for post-conviction relief under Utah R.Civ.P. 65B(i). 635 P.2d at 38. Thus, the determination whether an untimely criminal appeal may proceed is reserved to the trial court by appellate rule and case law.

■ Defendant urges this court to interpret its rules to consider a notice of appeal to be timely filed where it is placed in the prison mail by an incarcerated criminal defendant within the thirty-day period set forth in R.Utah Ct.App. 4. Rule 4(e) provides that a notice of appeal must be "filed" with the trial court. The Utah Supreme Court rejected the assertion that filing was complete upon mailing to the trial court. *Isaacson v. Dorius,* 669 P.2d 849 (Utah 1983). Similarly, in *State in re: M.S.,* 102 Utah Adv.Rep. 63 (Utah App.1989), this court concluded that an appellate court is bound by the filing date stamped on the notice of appeal by the trial court. To hold that filing in the trial court is complete upon mailing is inconsistent with R.Utah Ct.App. 4(a). Application of a three-day mailing rule is inappropriate on the same grounds and also on the basis that the notice must be filed within thirty days of the judgment's entry, and not of its service "by mail" on the defendant within the meaning of R.Utah Ct.App. 22(d).

■ Defendant also urges this court to remand the case to the trial court for entry of an order extending the time for appeal, relying upon *State in re: M.S.,* at ——. In that case, an appellant filed the notice of appeal in the trial court along with letter explaining the late filing. The letter and the notice of appeal were transmitted to this court, without any disposition by the trial court of the issues raised in the letter. The trial court stamped the notice of appeal as filed on a date that made the appeal untimely. The appeal was temporarily remanded to the trial court pursuant to R.Utah Ct.App. 4(e) for a determination (1) whether the letter would be deemed a motion to extend the time to file and (2) if so, whether an extension would be granted. There was no filing in the trial court in this case that may be considered a timely motion for extension.

The notice of appeal in No. 890312–CA was not timely filed and did not confer

---

1. After appointment of counsel on appeal, counsel filed an additional notice of appeal from the same judgment which has been docketed as a separate appeal in the Utah Supreme Court and poured over to the Court of Appeals as our No. 890358–CA. Our disposition of this appeal is also dispositive of No. 890358–CA which was not filed until March 16, 1989.

jurisdiction on this court. The notice of appeal in No. 890358–CA was also untimely. The appeals are dismissed.

All concur.