Anthony S. EARLE, Plaintiff and Petitioner,

v.

WARDEN OF UTAH STATE PRISON, DEPARTMENT OF CORRECTIONS, STATE OF UTAH, Defendant and Respondent.

No. 890277.

Supreme Court of Utah.

April 23, 1991.

Russell C. Fericks, Salt Lake City, for plaintiff and petitioner.

R. Paul Van Dam, Barbara Bearnson, Salt Lake City, for defendant and respondent.

DURHAM, Justice:

Anthony Earle's appeal from a denial of a petition for habeas corpus was dismissed by the Utah Court of Appeals on April 27, 1989. Earle filed a motion to reinstate the appeal on May 24, 1989, which was denied on June 20, 1989. On August 3, 1989, Earle filed a petition for certiorari with this court. We granted his petition and ordered a writ of certiorari to the Utah Court of Appeals. We now dismiss that writ for lack of jurisdiction.

 This court does not have jurisdiction to hear a case in which the petition for certiorari is not timely filed. According to former rule 45(a), Rules of the Utah Supreme Court, a petition for a writ of certiorari had to be filed thirty days after the entry of a court of appeals decision. Rule 45(b) mandated that a petition which was not timely filed could not be accepted by the supreme court, as it would be "jurisdictionally out of time." Although rule 2 allowed for the discretionary suspension of the requirements of the rules, the provisions of rules 4(e), 5(a), and 45 were excepted from that option.

Earle's appeal to the court of appeals was dismissed on April 27, 1989. Absent the supreme court's receipt of a petition for rehearing or a motion for extension of time under rule 45(e) (neither of which petitioner filed), the time in which a petition for certiorari could be accepted by this court expired on May 27, 1989, thirty days after the April 27 order. The interim motion to reinstate the appeal, denied by the court of appeals, did not toll this deadline, but even if it had, the petition for certiorari was not filed within thirty days of the denial of that motion on June 20, 1989. Under these circumstances, we are without jurisdiction to proceed with this writ of certiorari.

The fact that we lack jurisdiction to hear the merits of this case is unfortunate and is arguably due to the fact that petitioner was unrepresented by counsel until we appointed a lawyer after the grant of certiorari. Based on the pleadings before us, petitioner appears to have at least an arguable case for reversible error by the trial court in refusing to allow him to withdraw his guilty plea. It is impossible to predict without an evidentiary hearing whether Earle could show good cause for withdrawing his guilty plea, but his allegations of lack of adequate representation, coercion, and conflict of interest raise a legitimate question.

Since Earle's allegations will require factual inquiry, the proper forum for his claims is the trial court. We express appreciation to counsel appointed by this court for work performed on the merits of petitioner's claims and anticipate that with such representation, petitioner will be able to secure a full hearing of those claims on a new petition for habeas corpus in the district court.[1]

STEWART, J., concurs.

HOWE, Associate Chief Justice: (Concurring),

I concur in the dismissal of the writ of certiorari. However, I express no opinion on whether petitioner may present his claims on a new petition for habeas corpus in the district court. That question has not been briefed nor presented to us for decision. I believe, therefore, that it would be premature for me to express any opinion on that subject.

ZIMMERMAN, Justice: (Concurring in the Result),

I concur in the dismissal of the writ of certiorari. However, I cannot join in footnote one's statement of the standard for determining whether a subsequent writ for extraordinary relief may be entertained by the trial court. As stated in *Fernandez v. Cook*, 783 P.2d 547 (Utah 1989), a petitioner may raise issues of ineffective assistance of counsel in a habeas corpus petition only upon a showing of "unusual circumstances." *Id.* at 549–50; *see also Dunn v. Cook*, 791 P.2d 873, 879 (Utah 1990) (Zimmerman, J., concurring in the result). In the present case, we are not in a position to determine whether the requisite "unusual

---

1. Two petitions for habeas corpus have already been considered in this case by the trial court and the court of appeals. There appears to be no legal reason, however, why Earle should be denied the opportunity to submit a third such petition. His previous petitions were unsuccessful solely on procedural grounds. No court has yet considered the substantive merit of his allegations.

Rule 65B(i)(2) of the Utah Rules of Civil Procedure provides that the court cannot consider a petition for habeas corpus if it is apparent that the legality or constitutionality of a petitioner's confinement has been adjudged in a prior habeas corpus or other similar proceeding. The purposes of that rule are to discourage successive applications based upon the same grounds, *Burleigh v. Turner*, 15 Utah 2d 118, 388 P.2d 412, 414 (1964), and to protect the courts against vexatious and abusive behavior by prisoners. *Hurst v. Cook*, 777 P.2d 1029, 1036 (Utah 1989). Rule 65B(i)(2), however, only bars successive proceedings involving identical issues. A conviction or sentence that has not yet been fully and fairly adjudicated on appeal or in a prior habeas corpus proceeding should not be denied reexamination because of a procedural default. *See Hurst*, 777 P.2d at 1036. The record in this case clearly demonstrates that the legality or constitutionality of Earle's habeas corpus petition has not been considered. He is therefore not barred from bringing another petition in the trial court.

circumstances" exist, as Justice Howe notes.

HALL, C.J., concurs in the concurring opinion of ZIMMERMAN, J.