**STATE of Utah, Plaintiff and Appellee,**

v.

**Jose Richard QUINTANA, Defendant and Appellant.**██

**No. 900264–CA.**

Court of Appeals of Utah.

Oct. 4, 1991.

Connie L. Mower, Salt Lake City, for defendant and appellant.

R. Paul Van Dam, and Judith S.H. Atherton, Salt Lake City, for plaintiff and appellee.

Before BENCH, BILLINGS and ORME, JJ.

## OPINION

**ORME, Judge:**

Defendant appeals the denial of his motion to withdraw his guilty plea. The State concedes that the trial court accepted the plea in violation of Rule 11 of the Utah Rules of Criminal Procedure, and argues only that the thirty-day limit for making motions to withdraw guilty pleas, as provided for in the 1989 amendment to Utah Code Ann. § 77–13–6 (1990), should be applied retroactively to render the trial court without jurisdiction to consider defendant's motion. The State referred in passing to this statute in argument before the trial court, but completely failed to pursue or develop its retroactivity argument in the trial court proceedings. The State concedes in its brief that it did not adequately raise the argument before the trial court but urges that we may address it for the first time on appeal.

In *State v. Smith*, 812 P.2d 470 (Utah App.1991), a different panel of this court found it unnecessary to rule on whether amended section 77–13–6 may be applied retroactively when the issue had not been raised in the trial court. *Id.* at 475–476. The *Smith* court concluded that the State's failure to raise the timeliness issue below deprived the appellant of an opportunity to respond to the State's argument, and precluded the trial court's determination of whether appellant's motion to withdraw his plea could nonetheless be heard.[1] As a result, this court held that even if the 1989 amendment to section 77–13–6 could be applied retroactively to bar appellant's motion to withdraw his guilty plea, the State had failed to preserve appellant's lack of compliance with the statute as an issue to consider on appeal. *Id.*

Applying the reasoning of *Smith*, with which we concur, we hold that the State's passing reference to section 77–13–6 in the instant case did not preserve the question of timeliness for consideration on appeal. Accordingly, the order appealed from is reversed, and the case is remanded with instructions that defendant's motion to withdraw his guilty plea be granted.

BENCH and BILLINGS, JJ., concur.

---

1. Utah R.Crim. P. 11(5)(g), which became effective at the same time as amended section 77–13–6, requires that a defendant entering a plea of guilty or no contest be informed of the time limit for filing a motion to withdraw the plea. Utah R.Crim. P. 11(6), also enacted simultaneously with amended section 77–13–6, permits a trial judge to extend the time in which a defendant may enter a motion to withdraw a guilty plea if the defendant was not advised of the time limit for filing the motion to withdraw. The *Smith* court found Rules 11(5)(g) and 11(6) were clearly intended to complement section 77–13–6, and stated that if amended section 77–13–6 were applied retroactively, Rules 11(5)(g) and 11(6) would also have to be applied retroactively. Thus, even if the thirty-day time limit of section 77–13–6 were applicable to the *Smith* defendant, the State's failure to raise the timeliness issue before the trial court deprived the defendant of the opportunity to argue that he had not been advised of the time limit for filing his motion as required under Rule 11(5)(g). This, in turn, deprived the trial court of the opportunity to decide whether Rule 11(6) should be invoked to extend the time in which the defendant could enter his motion. *Smith*, 812 P.2d at 476.