**STATE of Utah, Plaintiff and Appellee,**

v.

**Micheal D. PRICE, Defendant and Appellant.**

**No. 910111–CA.**

Court of Appeals of Utah.

July 23, 1992.

Ronald S. Fujino, Salt Lake City, for defendant and appellant.

R. Paul Van Dam and Marian Decker, Salt Lake City, for plaintiff and appellee.

Before BENCH, BILLINGS and GREENWOOD, JJ.

BILLINGS, Associate Presiding Judge:

Defendant Micheal Dean Price appeals the trial court's denial of his pro se motion to withdraw his guilty plea to a charge of attempted aggravated assault, a class A misdemeanor, in violation of Utah Code Ann. §§ 76–4–101 and –102(4) (1990). We affirm.

## FACTS

Defendant was arrested and charged with aggravated assault, a third-degree felony, in violation of Utah Code Ann. § 76–5–103 (1990), resulting from a domestic dispute. On December 18, 1990, pursuant to a plea agreement, defendant pleaded guilty to the reduced charge of attempted aggravated assault, a class A misdemeanor, in violation of Utah Code Ann. §§ 76–4–101 and –102(4) (1990).

During the plea proceeding, defendant's counsel informed the court he had discussed the entry of a guilty plea with defendant "on numerous occasions" and was persuaded that defendant comprehended "the effect and meaning" of such a plea. Defendant also stated he had consulted

with his counsel and understood the guilty plea.

In connection with his guilty plea, defendant executed a "Statement of Defendant." This affidavit indicated that defendant's plea was made "voluntarily," defendant understood the "nature and elements" of attempted aggravated assault, and defendant waived certain enumerated "statutory and constitutional rights." The affidavit also described the elements of attempted aggravated assault. Defendant informed the court he had read the affidavit, discussed it with his counsel and understood it.

The court reviewed the affidavit on the record with defendant during the plea proceeding. Specifically, the court questioned defendant about the voluntary nature of his guilty plea, the constitutional rights defendant was waiving, and defendant's understanding of the elements of attempted aggravated assault. Defendant expressed concern only about his potential sentence. In response, the court explained that, while probation was not "guaranteed," he would give "serious consideration" to the recommendations of the prosecution and the Adult Probation and Parole office. Following the plea colloquy, the court accepted defendant's guilty plea as "freely, voluntarily and knowingly executed." The court then advised defendant he had the right to move to set aside his guilty plea within thirty days.

By handwritten letter dated January 18, 1991, thirty-one days after the plea proceeding, defendant notified the court that he wished to withdraw his guilty plea.

On January 29, 1991, immediately prior to sentencing defendant, the court heard defendant's pro se motion to withdraw his guilty plea. Although defendant was represented by counsel at this hearing, defendant argued his motion pro se because his counsel did not believe defendant had a valid reason for withdrawing his guilty plea.[1] Defendant asserted he was not guilty of attempted aggravated assault, and that neighbors agreed with him. The State objected to defendant's motion but presented no argument in opposition, including no claim that defendant's motion was untimely. The court denied defendant's pro se motion because defendant "established no legal reason" for the court to set aside defendant's guilty plea.

On appeal, defendant claims the trial court erred by: (1) Accepting defendant's guilty plea without establishing that defendant understood the "nature and elements of the offense," thus failing to comply with Rule 11 of the Utah Rules of Criminal Procedure; and (2) denying defendant's pro se motion to withdraw his guilty plea in view of new evidence favorable to defendant and the fact that his initial plea was not voluntary. The State responds that we do not have jurisdiction of this appeal as defendant's motion to withdraw his guilty plea was untimely.

## RULE 11 AND VOLUNTARY PLEA

Defendant first argues the trial court failed to comply with the requirements of Rule 11 of the Utah Rules of Criminal Procedure and the common law requirements of *State v. Gibbons*, 740 P.2d 1309 (Utah 1987), in accepting his guilty plea. Specifically, defendant alleges the trial court failed to adequately establish that he understood the nature and elements of the offense charged and, thus, that his plea was voluntary. The State correctly contends defendant raises these arguments for the first time on appeal.

As a general rule, "a defendant who fails to bring an issue before the trial court is barred from asserting it initially on appeal." *State v. Archambeau*, 820 P.2d 920, 922 (Utah App.1991); *accord State v. Johnson*, 774 P.2d 1141, 1144 (Utah 1989). However, an appellate court may address an issue for the first time on appeal if: "(1) the trial court committed 'plain error,' or (2) there are 'exceptional circumstances.' "

---

1. At the hearing, defendant's counsel stated:
   My belief is that in order to file a motion, we need to have a valid reason, so it sort of puts me at odds with Mr. Price. His expression to me was he'd changed his mind. My reading of the statute is that does not provide a reason for change of plea, but he may want to talk to you about it, but it sort of puts me in an awkward position.

*Archambeau,* 820 P.2d at 922. We find neither.

■ In *Gibbons,* the Utah Supreme Court declared: "Rule 11(e) squarely places on trial courts the burden of ensuring that constitutional and Rule 11(e) requirements are complied with when a guilty plea is entered."[2] *Id.* at 1312. The Utah Supreme Court recently clarified the test for reviewing the validity of post-*Gibbons* guilty pleas in an advisory opinion, *State v. Maguire,* 830 P.2d 216 (Utah 1992). In *Maguire,* the supreme court stated:

> We ... restate our holding that (1) strict compliance with the elements of rule 11 is required in the taking of guilty pleas and (2) said compliance may be demonstrated on appeal by reference to the record of the plea proceedings. When plea affidavits are properly incorporated in the record (as when the trial judge ascertains in the plea colloquy that the defendant has read, has understood, and acknowledges all the information contained therein), they may properly form a part of the basis for finding rule 11 compliance.

*Id.* at 217. The court explained the meaning of "the record of the plea proceedings" as follows:

> The record before an appellate court must contain a basis for [Rule 11(5)] findings, but that record may reflect such a basis by multiple means, e.g., transcript of the oral colloquy between the court and defendant, contents of a written affidavit that the record reflects was read, understood, and acknowledged by defendant and the court, contents of other documents such as the information, presentence reports, exhibits, etc., similarly incorporated into the record, and so on.

*Id.* at 218. Therefore, "strict compliance can be accomplished by multiple means so long as no requirement of the rule is omitted and so long as the record reflects that the requirement has been fulfilled." *Id.*

Defendant claims the trial court failed to adequately inform him of the elements of the offense charged. Specifically, defendant argues that, when he demonstrated confusion during the plea colloquy, the trial court rushed him into answering rather than clarifying his uncertainty, such that his plea was not voluntary. The record reveals that the trial court recited the facts and elements of the crime charged and asked defendant if they were correct. Initially, defendant responded affirmatively. However, when the trial court inquired again, defendant apparently hesitated. The trial court responded as follows:

> Mr. Price, I'm not going to play games with you. If you want to go to trial, then we'll go to trial. I'm not going to spend the morning in here with you while you're pondering.
>
> Now, have you made up your mind? Are you going to plead or are you not going to plead? We'll go to trial tomorrow morning with a jury if you want that.

Defendant subsequently replied again that he wished to plead guilty.

■ We do not find error in the trial court's acceptance of defendant's guilty plea, certainly not plain error. Our examination of both defendant's plea affidavit and the plea colloquy transcript, pursuant to *Maguire,* confirms that all of the elements of Rule 11(5) were reviewed with defendant, including his understanding of the elements of the offense. Furthermore, the trial court established that defendant had discussed the affidavit with counsel and understood it. The trial court, therefore, met its burden of ensuring that constitutional and Rule 11 requirements were satisfied. We are persuaded that defendant understood the elements of the offense with which he was charged and, thus, that his plea was voluntary.

## TIMELINESS OF MOTION TO WITHDRAW GUILTY PLEA

The State argues the trial court lacked jurisdiction to consider defendant's pro se

---

**2.** Rule 11(e) has been replaced in part by Rule 11(5) of the Utah Rules of Criminal Procedure.

*See* Utah R.Crim.P. 11 amendment notes.

motion to withdraw his guilty plea because defendant did not file his motion within thirty days of the plea proceeding, pursuant to Utah Code Ann. § 77–13–6(2)(b) (1990), even though he was informed of the thirty-day deadline in the plea affidavit he signed and by the judge during the plea colloquy. Defendant responds that the State may not raise this timeliness issue for the first time on appeal. The State concedes the timeliness issue was not raised below but claims this question of jurisdiction may be raised at any time.

Section 77–13–6(2)(b) provides: "A request to withdraw a plea of guilty or no contest is made by motion, and shall be made within 30 days after the entry of the plea." This time limit, however, must be construed in conjunction with Rule 11 of the Utah Rules of Criminal Procedure. Rule 11(5)(g) states: "The court may refuse to accept a plea of guilty or no contest, and may not accept the plea until the court has found ... the defendant has been advised of the time limits for filing any motion to withdraw a plea of guilty or no contest." Rule 11(6) provides: "Failure to advise the defendant of the time limits for filing any motion to withdraw a plea of guilty or no contest is not a ground for setting the plea aside, but may be the ground for extending the time to make a motion under Section 77–13–6." Therefore, although the language of section 77–13–6(2)(b) is unconditional, it is subject to an exception incorporated within Rule 11.

Defendant's pro se motion to withdraw his guilty plea, filed thirty-one days after the entry of defendant's guilty plea, was clearly untimely. The issue before this court thus becomes whether section 77–13–6(2)(b), in view of Rule 11, presents a jurisdictional question and, thus, whether we may consider the State's untimeliness argument for the first time on appeal.

Utah's appellate courts have interpreted time limitations in the Utah Rules of Appellate Procedure similar to that imposed by section 77–13–6(2)(b) as jurisdictional. For example, Rule 4 states that a notice of an appeal as of right "shall be filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from." Utah R.App.P. 4(a). Despite this "jurisdictional" language, however, the rule also provides that trial courts, "upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days" after the initial thirty-day deadline. Utah R.App.P. 4(e). Nonetheless, we have concluded Rule 4(a)'s thirty-day deadline is jurisdictional.[3]

Rule 48 of the Utah Rules of Appellate Procedure also contains unconditional "jurisdictional" language qualified by an exception. It states: "A petition for a writ of certiorari must be filed with the Clerk of the Supreme Court within 30 days after the entry of the decision by the Court of Appeals." Utah R.App.P. 48(a). Nevertheless, the rule provides that the supreme court, "upon a showing of excusable neglect or good cause, may extend the time for filing a petition or a cross-petition for a writ of certiorari upon motion filed not later than 30 days" after the original deadline. Utah R.App.P. 48(e). The Utah Supreme Court recently interpreted this rule in *Earle v. Warden of Utah State Prison*, 811 P.2d 180 (Utah 1991).[4] In *Earle*, the supreme court determined it lacked jurisdiction to hear the defendant's petition for certiorari because the petition was untimely. *See id.* at 180. The court noted that, because the defendant never filed a petition for rehearing with the Utah Court of Appeals or a motion to extend the time for filing a petition to the supreme court, "the

---

**3.** *See, e.g., State v. Palmer*, 777 P.2d 521, 522 (Utah App.1989) (appellate court lacks jurisdiction to hear appeal as of right when defendant's notice of appeal is untimely and defendant failed to file a Rule 4(e) motion to extend); *In re M.S.*, 781 P.2d 1287, 1289 (Utah App.1989) (per curiam) (court remanded case to juvenile court for decision as to whether time for filing appeal may be extended under Rule 4(e) but noted "[i]f the juvenile court declines to extend the time for appeal, the appeal will be dismissed for lack of jurisdiction").

**4.** The case refers to Rule 45 of the Rules of the Utah Supreme Court. However, this rule currently appears as Rule 48 of the Utah Rules of Appellate Procedure.

time in which a petition for certiorari could be accepted by this court expired." *Id.* at 181.

Although Rules 4 and 48 contain provisions which allow courts to extend the applicable filing periods under certain circumstances, Utah's appellate courts have held that such provisions do not destroy the jurisdictional nature of these time limit rules. Rather, these provisions merely permit the filing period to be extended if a defendant complies with their requirements.

Defendant cites two recent cases from this court which he contends hold that section 77–13–6(2)(b) is not jurisdictional. In *State v. Smith,* 812 P.2d 470 (Utah App. 1991), *cert. denied,* 836 P.2d 1383 (Utah 1992), the defendant, in September 1989, moved to withdraw his no contest plea, pursuant to section 77–13–6. *See id.* at 474. The trial court denied the motion. *See id.*

On appeal, the State argued the defendant's motion was untimely. *See id.* at 475. The State contended the April 1989 amendment to section 77–13–6, adding the thirty-day deadline for filing a motion to withdraw a guilty plea, should apply retroactively to the defendant. *See id.* This court found it unnecessary even to reach the retroactivity issue because "the State's untimeliness argument was not raised in the trial court, and was therefore not preserved for appeal." *Id.* at 476.

We followed the reasoning of *Smith* in *State v. Quintana,* 826 P.2d 1068 (Utah App.1991). In *Quintana,* the defendant appealed the denial of his motion to withdraw his guilty plea. *See id.* at 1069. The State conceded the trial court violated Rule 11 in accepting the plea but argued the thirty-day deadline of amended section 77–13–6 should apply retroactively, rendering the trial court without jurisdiction to address the defendant's motion. *See id.* Looking to *Smith,* this court noted that there "the State had failed to preserve appellant's lack of compliance with the statute as an issue to consider on appeal." *Id.* Therefore, we reversed and remanded, instructing the trial court to grant the de-fendant's motion to withdraw his guilty plea.

Defendant has missed the crucial distinction in these cases. Both *Smith* and *Quintana* involved defendants who pleaded guilty before the thirty-day filing deadline was added to section 77–13–6. Therefore, at the time the *Smith* and *Quintana* defendants entered their pleas, they were not informed of the thirty-day time limit for filing a motion to withdraw their pleas because there was none. Thus, the jurisdictional nature of section 77–13–6 was not triggered.

■ In contrast, defendant in the present case was informed at the time he pleaded guilty that he had only thirty days in which to file a motion to withdraw his plea. This is the first time this court has considered the application of the thirty-day filing period in section 77–13–6(2)(b) when the record shows that a defendant was informed of the thirty-day deadline. If the timeliness issue had been properly addressed in the trial court, that court would have been without jurisdiction to hear defendant's motion and without a basis for extending the time for defendant to file his motion. Therefore, *Smith* and *Quintana,* which focus on the retroactive application of section 77–13–6(2)(b) to defendants who were not informed of its thirty-day deadline, do not assist defendant.

Like Rules 4 and 48, the unconditional, jurisdictional nature of section 77–13–6(2)(b)'s filing deadline is not destroyed when read in light of the exception in Rule 11 allowing that deadline to be extended if a defendant has not been informed of the thirty-day time period. If a defendant is informed of the statute's thirty-day deadline for filing a motion to withdraw a guilty plea, section 77–13–6(2)(b) is jurisdictional, and a failure to file a timely motion to withdraw a guilty plea may be raised for the first time on appeal.

■ Although the State failed to raise the issue of the timeliness of defendant's pro se motion to withdraw his guilty plea before the trial court, we may address it for the first time on appeal because it

presents a jurisdictional question. *See A.J. Mackay Co. v. Okland Constr. Co.*, 817 P.2d 323, 325 (Utah 1991); *State v. Davenport*, 30 Utah 2d 298, 517 P.2d 544, 545 n. 2 (1973). We conclude the trial court properly denied defendant's motion as it was untimely.

However, even if we were to reach the merits of defendant's motion to set aside his guilty plea, we would still affirm. We have already concluded that defendant's plea was entered in compliance with Rule 11(5) and *Gibbons* and, thus, that defendant's plea was voluntary. Therefore, defendant's first ground for setting aside his plea is without merit. However, defendant also claims the trial court erred by not allowing defendant to withdraw his plea in view of new evidence favorable to defendant.

A trial court may abuse its discretion by failing to set aside a guilty plea in light of new evidence.[5] In the present case, during defendant's pro se argument to withdraw his guilty plea, defendant stated the basis for his motion was his and his neighbors' belief in his innocence.

On appeal, defendant argues the testimony of his neighbors presents new, exculpatory evidence. However, as the State notes, defendant fails to present affidavits from potential witnesses or even a plausible version of the facts more favorable to him. Defendant's motion was supported only by defendant's statement that he was not guilty and his self-serving conjecture that others believed him innocent. These "new" facts are not sufficient to set aside his plea.

GREENWOOD, J., concurs.

BENCH, Presiding Judge (concurring specially):

We hold in this case that the trial court lacked jurisdiction to consider defendant's motion to withdraw his guilty plea. In view of that holding, it is unnecessary (and improper) to opine about the merits of defendant's motion.

---

5. *See, e.g., State v. Mildenhall*, 747 P.2d 422, 424 (Utah 1987) (trial court correctly denied defendant's motion to withdraw guilty plea because of the "implausible timing and suspicious content" of new evidence favorable to defendant); *State v. Gallegos*, 738 P.2d 1040, 1042 (Utah 1987) (trial court erred in denying defendant's motion to withdraw guilty plea because of "critical new evidence which cast doubt on defendant's guilt," i.e., victim's admission that her testimony at preliminary hearing wrongly implicated defendant).