**STATE of Utah in the interest of M.S., A Person Under Eighteen Years.**

**No. 880702–CA.**

Court of Appeals of Utah.

Feb. 23, 1989.

Jay D. Gurmankin, Salt Lake City, for appellant.

R. Paul Van Dam, Sandra L. Sjogren, Salt Lake City, for respondent.

Before BENCH, DAVIDSON and JACKSON, JJ. (On Law and Motion).

PER CURIAM:

This matter is before the court pursuant to R. Utah Ct.App. 10(e) on its own motion to dismiss for lack of jurisdiction based on an untimely notice of appeal. The appeal is from a judgment of the Fourth District Juvenile Court for Utah County filed on November 15, 1988. This court received a certified copy of the notice of appeal on December 27, 1988, which was accompanied by a letter from appellant's counsel addressed to the Clerk of the Fourth District Juvenile Court and dated December 19, 1988. The notice of appeal was stamped "Filed December 20, 1988, Juvenile Court, Fourth District." The letter was stamped as "Received" on December 20, 1988, by the Fourth District Juvenile Court.

This court served a Notice of Sua Sponte Consideration by the Court for Summary Disposition on the parties. Appellant filed a Memorandum in Opposition to Summary Dismissal of Appeal. The state filed a responsive memorandum in which it suggests that the case be remanded to the Fourth District Juvenile Court for determination whether an order should be entered pursuant to R. Utah Ct.App. 4(e) extending the time for filing the appeal. We remand

the case to the trial court for the purposes of making such a determination.

Appellant advises this court that the notice of appeal was, through mistake or inadvertence, incorrectly filed with the Fourth Judicial District Court rather than the Fourth District Juvenile Court. Appellant states the notice was mailed on December 13, 1988, to the Utah County Clerk marked "Attention: Juvenile Section." On December 14, 1988, the Utah County Clerk returned the original notice of appeal to appellant's counsel accompanied by two notes. One note indicated the correct address for the Fourth Judicial District Court and the other stated:

December 14, 1988

Incorrectly sent to Utah County Clerk's Office. Should be sent to:

Fourth Juvenile Court
2021 South State
Provo, UT 84601

This information is available on page 134 of the 1987–88 Utah State Bar directory. You will be able to find most, if not all, addresses in this directory.

Utah County Clerk's Office

Appellant notes that the "Utah County Clerk's Office, rather than transmit the notice of appeal to the Juvenile Court, mailed the original notice of appeal back" to appellant's counsel. Appellant's counsel states that he received the original notice of appeal on December 16, 1988. He also indicates that on December 16, a clerk of the Fourth District Juvenile Court advised him by telephone that the juvenile court had received a copy of the notice of appeal and if a letter of explanation was sent, "it would be called to the Court's attention for a determination as to whether the Notice of Appeal would be considered timely filed." This explanation is apparently contained in the December 19, 1988, letter, a copy of which was transmitted to this court. The notice of appeal certified to this court, however, is stamped as filed on December 20, 1988, five days after the expiration of the appeals period.

R. Utah Ct.App. 4(a) provides that a notice of appeal "shall be filed with the clerk of the court from which the appeal is taken within 30 days after the date of entry of the judgment or order appealed from." The judgment in the present case was filed on November 15, 1988, and the last date on which to initiate an appeal was December 15, 1988. In determining whether a notice of appeal is timely filed and establishes jurisdiction in an appellate court, this court must be bound by the filing date indicated on the notice of appeal transmitted to it by the trial court. This requirement is implicit in provisions of our rules governing timeliness of an appeal. R.Utah Ct.App. 4(a) requires a notice of appeal to be filed within thirty days with "the clerk of the court from which the appeal is taken." In addition, R.Utah Ct. App. 4(e) states the exclusive procedure for extending the time for filing a notice of appeal:

The court from which the appeal is taken, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by Paragraph (a) of this rule. A motion to extend time that is filed before expiration of the prescribed time may be heard ex parte unless the court from which the appeal is taken requires otherwise. Notice of any such motion that is filed after the expiration of the prescribed time shall be given to the other parties in accordance with the rules of practice of the court from which the appeal is taken. No extension shall exceed 30 days past the prescribed time or 10 days from the date of the entry of the order granting the motion, whichever occurs later.

R.Utah Ct.App. 4(e) (Emphasis added). R.Utah Ct.App. 2 specifically precludes this court from suspending the requirements or provisions of either Rule 4(a) or Rule 4(e), and R.Utah Ct.App. 22(b) precludes this court from extending the time for filing a notice of appeal "except as specifically authorized by law." Under the circumstances of the present case, this court has no authority to deem timely a notice of appeal that is not indicated by the trial court to be

timely, nor can this court consider a motion to extend the time for appeal.

Appellant makes several arguments in support of its contention that the notice of appeal was either timely filed or deemed timely filed by the juvenile court. First, appellant argues that the filing with the Utah County Clerk was timely and "the Utah County Clerk transmitted a copy of it directly to the Juvenile Court." Second, appellant claims that the notice of appeal was deemed timely filed because if it had not been, the clerk would have so advised counsel. Finally, appellant argues that if the juvenile court had not found the appeal was timely filed, the notice of appeal would not have been filed with this court. For the reasons stated below, none of the foregoing arguments has merit.

■ As to the first contention, we conclude that the filing with the Utah County Clerk does not constitute a timely filing with the juvenile court. There is no indication when the Utah County Clerk transmitted a copy of the notice of appeal to the juvenile court, and the original was returned to appellant's counsel. The record in this appeal reflects that the notice of appeal was "filed" in the juvenile court on December 20, 1988, five days after the expiration of the time for appeal.

■ Appellant also argues that the appeal was deemed timely based on the fact that the juvenile court did not notify counsel otherwise, and alternatively, based on the fact that the juvenile court transmitted the notice of appeal to the Utah court of appeals. If the procedures for initiating an appeal set forth in our rules are to have any practical significance, a determination of timeliness cannot be presumed or inferred from actions of the trial court. The juvenile court's purpose in transmitting a copy of counsel's letter of December 19 to the court of appeals is not clear. If the letter was considered to be a motion to extend the time for initiating an appeal, it must be ruled on by the juvenile court

under R.Utah Ct.App. 4(e). Similarly, if transmittal of the letter was intended as an indication to this court that the trial court determined the appeal to have been timely received, that determination should be specifically indicated by an order of the trial court or by the date of filing stamped on the notice of appeal.

Under the particular circumstances of this case, including a specific request of the state to remand the case for determination of timeliness, we do not dismiss the appeal at this time. The case is temporarily remanded to the Fourth District Juvenile Court in order to allow that court to make a determination whether an order extending the time for appeal should be entered by the juvenile court under R.Utah Ct.App. 4(e). If the juvenile court declines to extend the time for appeal, the appeal will be dismissed for lack of jurisdiction upon notice to this court of the entry of such an order.

ALL CONCUR.