2002 UT App 277

**Aaron RAISER, Plaintiff and Appellant,**

v.

**Steve BUIRLEY and Diane Buirley, Defendants and Appellees.**

**No. 20010844–CA.**

Court of Appeals of Utah.

Aug. 29, 2002.

Aaron Raiser, Provo, Appellant Pro Se.

Steve Buirley and Diane Buirley, Orem, Appellees Pro Se.

Before Judges BENCH, ORME, and THORNE.

## OPINION

PER CURIAM:

¶ 1 This case is before the court on a petition for rehearing. We grant the petition and reinstate the appeal for consideration on the merits.

¶ 2 This court dismissed the appeal for lack of jurisdiction based upon an untimely notice of appeal. *See Raiser v. Buirley,* 2002 UT App 122, 2002 WL 575572 (per curiam). The district court entered its judgment on August 31, 2001, and the time for filing a notice of appeal expired on Monday, October 1, 2001. The notice of appeal was stamped as "filed" in the district court on October 5, 2001, more than thirty days after entry of the judgment. Our decision relied upon *In re M.S.,* 781 P.2d 1287 (Utah Ct.App.1989) (per curiam) for its holding that the appellate court is "bound by the filing date indicated on the notice of appeal transmitted to it by the trial court." *Id.* at 1288.

¶ 3 In his petition for rehearing and accompanying affidavit, Appellant Aaron Raiser attests that the notice of appeal was either mailed or placed in a drop basket at the Fourth District Court, Provo Department, on or about September 20, 2001, along with a money order as payment of the fee. He further attests that the notice of appeal and money order were returned to him by the court approximately a week and one half later "with a notice that it had the incorrect pay-to-order-of entry." Raiser states that he then refiled the notice of appeal on October 5, 2001, along with a corrected money order.

¶ 4 The facts alleged in the petition for rehearing are supported in the record insofar as the original notice of appeal bears a date-stamp indicating it was "Filed in 4th District Court, State of Utah, Utah County September 20 11:51 AM '01." This date-stamp was crossed out in ink and initialed. A second date-stamp, which is not crossed out, indicated that the notice of appeal was refiled in the same court on October 5, 2001. The district court docket contains an entry dated September 27, 2001, stating "Return documents to plaintiff—notice of appeal—no filing fee or bond paid." The next chronological entries indicate filing of the notice of appeal, payment of the filing fee of $190, and posting of a bond, all occurring on October 5, 2001.

[1] ¶ 5 Following adoption of current rule 3(a) of the Utah Rules of Appellate Procedure, the Utah Supreme Court ruled that timely payment of the filing fee for appeal is not jurisdictional. *See State v. Johnson,* 700 P.2d 1125, 1129 n. 1 (Utah 1985) (holding plain language of rule 3(a) establishes that "the timely payment of fees on an appeal from the district court to this court is no longer jurisdictional"). However, rule 3(f) of the Utah Rules of Appellate Procedure requires the district court to refuse receipt of a notice of appeal if the required filing fee is not tendered at the time of filing. *See* Utah R. Civ. P. 3(f) ("[T]he clerk of the trial court shall not accept a notice of appeal unless the filing fee is paid.").

¶ 6 In *Gorostieta v. Parkinson,* 2000 UT 99, 17 P.3d 1110, the Utah Supreme Court considered the relationship between rule 3(a) and rule 3(f). A district court clerk in Logan agreed to accept a notice of appeal faxed from Salt Lake City on its due date, "as long as the original notice and filing fees were mailed forthwith." *Id.* at ¶ 18. Faxed copies of the notice of appeal and check for the filing fee were sent and received on September 25, 1998, the last day for filing. *See id.* The original notice of appeal was subsequently received and filed on September 28, and the fees were received on October 2. *See id.* The Utah Supreme Court held that it had jurisdiction, stating:

The clerk accepted the fax copy of the notice of appeal as a timely filed notice of appeal. [Appellee] argues that rule 3(f) indicates that a notice of appeal is not filed until the filing fees are paid. The plain language of rule 3(f) does not, however, state that the notice of appeal is not con-

sidered filed until the fees are paid. Rather, the language directed the clerk not to accept a notice of appeal unless the fees are paid. We do not address whether the filing fees were timely paid upon their being mailed with the permission of the clerk as [Appellants] argue, because this court has already addressed the effect that payment of fees has on our appellate jurisdiction. The clerk accepted the faxed copy of the notice of appeal as being timely filed, and therefore, we have jurisdiction to hear this matter.

*Id.* at ¶ 20.

■ ¶ 7 Unlike the situation in *Gorostieta,* where the clerk accepted a faxed notice of appeal prior to receipt of the filing fee, the clerk in this case ultimately rejected the notice of appeal. However, this rejection did not occur until after the notice was at least preliminarily accepted by stamping it "filed" and until after the passage of a week's time. The last day for filing a timely notice of appeal under rule 4(a) of the Utah Rules of Appellate Procedure was Monday, October 1, 2001. The notice of appeal was originally received and stamped as filed on September 20, 2001, well within the time for appeal. Filing a timely notice of appeal is the only jurisdictional requirement to initiate an appeal, and the notice of appeal could have been accepted, as in *Gorostieta.*

¶ 8 Under rule 3(f), the district court clerk could refuse to accept the notice if it was not accompanied by the appropriate filing fee. Nevertheless, an appellant may reasonably assume that he or she will be promptly notified of the rejection of an otherwise timely notice of appeal, especially if the filing fee is tendered therewith. Based on the court's docket, the notice of appeal was returned by the court on Thursday, September 27, 2001, apparently by mailing it to Raiser. The delay of approximately one week in returning the notice of appeal resulted in a claimed delay in receiving the notice of appeal until a date when the time for appeal had either expired or was about to expire.

¶ 9 Under the unique circumstances of this case, we deem the notice of appeal to have been filed on September 20, 2001, when it was first accepted and date-stamped by the district court clerk. The delay of one week in rejecting the notice of appeal and returning it to Raiser based upon the apparent failure to tender an acceptable filing fee was ineffective because the timely notice of appeal had been accepted as "filed" by the clerk. To deem the acceptance revocable would work an injustice because Raiser could reasonably rely upon either acceptance of the notice of appeal or its prompt rejection.

¶ 10 We grant the petition for rehearing and reinstate the appeal for consideration on its merits.

ORME, Judge (concurring):

¶ 11 I concur in the main opinion, but wish to point out that this problem should never have arisen. Very simply, the clerk's office should not have returned the notice of appeal and filing fee to Appellant. Had it not done so, the appeal would clearly have been timely.

¶ 12 It is undisputed that Appellant tendered with his notice of appeal a money order in the full amount of the required filing fee. It is also undisputed that the notice and money order were returned several days later because of some "need" to correct the way the payee was named on the money order. The record does not reveal what the perceived problem was, but one assumes the payee was shown as "Courts" or "State of Utah" or the like instead of "Clerk, Fourth District Court." As a practical matter, had the clerk simply stamped the back of the money order with the office's deposit endorsement stamp and deposited the money order with the rest of the day's receipts, it would have been credited to the appropriate account and paid in due course. And as a matter of law, such problems in designating the payee are inconsequential. "The instrument is payable to the person intended by the signer even if that person is identified in the instrument by a name or other identification that is not that of the intended person." Utah Code Ann. § 70A–3–110(1) (1997). There would be no question that in tendering a money order in the amount of the filing fee with a notice of appeal that was delivered or sent to the office of the court clerk, Appellant

necessarily intended the money order to be payable to the court.

¶ 13 From all that appears, the filing fee was legally sufficient and should have been accepted when first tendered. The jurisdictional problem in this case was unnecessarily created by the court clerk who improperly rejected Appellant's filing fee.